Opinion issued December 28, 2006








 






In The

Court of Appeals

For The

First District of Texas






NOS. 01-06-00038-CR

 01-06-00074-CR






ROBERT ALLEN PISATURO, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 10th District Court

Galveston County, Texas

Trial Court Cause No. 02CR2109 & 02CR2110






MEMORANDUM OPINION


 A jury found appellant, Robert Allen Pisaturo, Jr., guilty of the offenses of
sexual assault of a child (1) and indecency with a child by exposure. (2) See Tex.
Pen.Code Ann. §§ 21.11(a)(2)(A) (indecency with a child by exposure),
22.011(a)(2)(B) (sexual assault of a child) (West 2003 & Supp. 2006). The trial court
assessed punishment at 10 years' community supervision on the indecency charge and
7 years' confinement on the sexual assault charge. In three points of error, appellant
contends that (1) the evidence is legally insufficient to support the indecency
conviction, (2) the evidence is legally insufficient to support the sexual assault
conviction, and (3) he received ineffective assistance of counsel at punishment in the
sexual assault case. 

BACKGROUND

 Late in the evening of April 27, 2002, appellant took his 14-year-old
stepdaughter, C.C., and her friend, K.C., to Wal-Mart to buy Mother's Day presents. 
The girls were each going to borrow $20 from appellant and pay him back later. C.C.
testified that, on the way to Wal-Mart, appellant told them that they were going to
have to do something for him in order to get the money. Appellant parked his van in
the back of the Wal-Mart parking lot near the seawall. Appellant got in the rear seat
of the van, next to K.C., and told C.C. to sit on the floor in front of him. He told C.C.
that she was going to have to give him a "blow job," which C.C. testified meant that
she was going to have to suck his penis. C.C. eventually complied after appellant
threatened not to give her the money for her Mother's Day present. C.C. also testified
that she saw appellant fondling K.C. Appellant then returned to the driver's seat of
his van and gave the girls $20 each. The girls bought their presents, agreed not to tell
anyone what had happened, then returned home.

 K.C. testified to essentially the same facts at trial. She stated that she saw C.C.
sit in front of appellant in the rear of the van, and that appellant unzipped his pants,
pulled his penis out, and put it in C.C.'s mouth. Appellant commented to C.C. that
he had "it nicely shaved for you." Soon, appellant reached over to K.C. and started
to kiss her, using his tongue. He unbuttoned her pants, put his hands inside, and
"played with her." After appellant ejaculated, he gave each of the girls $20.

 K.C. eventually told her mother what had happened, and they called the police. 
During the initial interview with the police, K.C. did not tell them about what
appellant had done to her because she "was just concerned about telling what had
happened to C.C. and trying to get her out of that situation." K.C. did not tell anyone
about what had happened to her until the time of trial. C.C., too, when questioned by
police, initially denied that anything inappropriate had happened between her and
appellant. Sometime later, after being placed in foster care, C.C. told her foster
parent what had really happened.

 Appellant testified on his own behalf at trial and denied any inappropriate
conduct with either girl. Appellant admitted that he shaved his genitalia, but claimed
that he did so for health reasons. Appellant testified that C.C. told him that she made
the allegations because she wanted her parents to get back together.

LEGAL SUFFICIENCY OF THE EVIDENCE

 In points of error one and two, appellant contends the evidence is legally
insufficient to prove either sexual assault of a child or indecency with a child by
exposure. In a legal sufficiency challenge, we review the evidence in the light most
favorable to the verdict to determine whether any rational fact finder could have
found all elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443
U.S. 307, 319, 99 S.Ct. 2781, 2788-89 (1979).

 With this standard in mind, we turn to appellant's legal sufficiency challenge. 
Specifically, appellant contends the evidence is legally insufficient in both cases
because (1) other than the two complainants, there were no other witnesses to the
offense; (2) no physical evidence was introduced at trial; (3) appellant denied the
allegations; and (4) C.C., his stepdaughter, had a motive to lie because "she wanted
her Mommy and Daddy back together." 

 With regard to appellant's challenge to his stepdaughter's credibility, we begin
by noting that "[t]he jury is the exclusive judge of the credibility of the witnesses and
of the weight to be given testimony." Wesbrook v. State, 29 S.W.3d 103, 111 (Tex.
Crim. App. 2000) (citing Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim. App.
1996)). For that reason, the jury was entitled to believe C.C. and K.C. and disbelieve
appellant.

 Appellant argues that the evidence is legally insufficient because of the lack
of corroborating evidence. However, we note that the testimony of a child victim,
standing alone, is sufficient to support appellant's convictions. Tex.Code Crim.
Proc. Ann. § 38.07 (Vernon 2005); see Lee v. State, 176 S.W.3d 452, 458 (Tex.
App.--Houston [1st Dist.] 2004, aff'd, 2006 WL 1408448 (Tex. Crim. App. May 24,
2006); Jensen v. State, 66 S.W.3d 528, 534 (Tex. App.--Houston [14th Dist.] 2002,
pet. ref'd). C.C. testified that appellant made her give him a "blow job," which meant
to suck his penis with her mouth. K.C. testified that she was sitting next to appellant
at the time and that she saw appellant pull his penis out of his pants and put it in
C.C.'s mouth. Both children offered eyewitness testimony that was legally sufficient
to show the elements of both sexual assault of a child and indecency with a child by
exposure. See Tex. Pen.Code Ann. §§ 21.11(a)(2)(A) (indecency with a child by
exposure), 22.011(a)(2)(B) (sexual assault of a child). In addition, physical evidence
is not necessary to corroborate a sexual assault victim's testimony. See Garcia v.
State, 563 S.W.2d 925, 928 (Tex. Crim. App. [Panel Op.] 1978).

 The evidence, taken in the light most favorable to the verdict, was such that a
rational fact finder could have found all the elements of the charge offenses beyond
a reasonable doubt. Accordingly, we overrule points of error one and two.

INEFFECTIVE ASSISTANCE OF COUNSEL

 In point of error three, appellant contends that he received ineffective
assistance of counsel at the punishment phase of the sexual assault of a child case. 
Appellant contends that his trial counsel mistakenly advised appellant to go to the
judge for punishment, even though the judge could not give him community
supervision for the offense of sexual assault of a child. (3) Specifically, appellant argues
that "[c]ounsel's total lack of comprehension of the basic Texas rules and statutes
regarding eligibility for felony probation deprived Appellant of the chance for the
assessment of probation by the jury."

 When an ineffective assistance claim is based on a complaint that trial counsel
misunderstood the law regarding availability of community supervision pursuant to
article 42.12, section 3g of the Code of Criminal Procedure, "more must be apparent
from the record than trial counsel's mere mistake." State v. Recer, 815 S.W.2d 730,
731 (Tex. Crim. App. 1991). The record must establish that (1) the defendant would
have otherwise been eligible to receive probation; (2) counsel's advice to request that
punishment be assessed by the judge was not part of a sound trial strategy; (3) the
defendant's decision to have punishment assessed by the judge was based on trial
counsel's erroneous advice; and (4) the defendant's decision regarding punishment
would have been different had he been correctly advised of the law. Id. at 731-32. 

 In this case, appellant filed a verified application seeking community
supervision, and during the punishment hearing, his attorney asked the judge to grant
community supervision. However, as we have stated, the judge could not grant
community supervision in a sexual assault case, except upon the recommendation of
a jury. Tex. Code Crim. Proc. Ann. art. 42.12 § 3g (a)(1)(H). It is clear from the
record that counsel mistakenly believed that the trial court could place appellant on
community supervision.

 Although appellant filed a motion for new trial, he did not assert ineffective
assistance of counsel as a grounds for granting a new trial, and no hearing was held
on his motion. As a result, the record is devoid of any evidence to show what advice
was provided by trial counsel and whether appellant's decision would have been
different if he had been correctly informed of the law. Because of the nature of the
offense, it is possible that appellant would nevertheless have chosen to have the judge
assess punishment, rather than the jury, in the hope that the judge would assess a
lesser punishment. Thus, appellant has not met his burden in showing that no trial
strategy was involved in electing to have the court assess punishment and that, had
he been properly informed, he would have elected to go to the jury for punishment.

 Accordingly, we overrule point of error three.


CONCLUSION

 We affirm the judgments of the trial court.




 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Bland and Jamison (4).

Do not publish. Tex. R. App. P. 47.2(b).
1. ---
2. ---
3. "" 
 § 
 
4.