The STATE of Texas, Appellant,

v.

Sharon Lee RECER, Appellee.

No. 357–90.

Court of Criminal Appeals of Texas,
En Banc.

Sept. 18, 1991.

Jeryl L. Schultz, on appeal only, Houston, for appellant.

John B. Holmes, Jr. and Alan Curry, Dist. Attys., and Joe Owmby, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

MALONEY, Judge.

Sharon Lee Recer, appellee herein, was convicted by a jury of burglary of a habitation. V.T.C.A. Penal Code, § 30.02. The jury found that she used or exhibited a deadly weapon during the commission of the crime. The trial judge sentenced her to seven years' confinement in the Texas Department of Criminal Justice, Institutional Division.

Appellee appealed her conviction to the Court of Appeals, Fourteenth District, complaining, in one point of error, that her trial counsel was ineffective because he did not inform her that the trial judge was precluded from granting probation. She contended that, if she had been properly informed,

she would not have waived a jury on the issue of punishment. In a published opinion the Court of Appeals held that appellee was denied effective assistance of counsel and reversed her conviction. *Recer v. State*, 785 S.W.2d 430 (Tex.App.—Houston [14th] 1990).

We granted the State's petition for discretionary review to determine whether the Court of Appeals erred in holding that appellee was denied effective assistance of counsel. We will reverse the judgment of the Court of Appeals. We hold that appellee was not denied effective assistance of counsel.

The record reflects that on November 18, 1988, the State filed its notice of intention to seek an affirmative finding of use of a deadly weapon in the commission of the offense charged. Thereafter, on January 17, 1989, and prior to trial, appellee filed an application to have the trial judge assess punishment and to award probation in the event of conviction. Appellee's application for probation originally included the words "and shows the Court or Jury that he has never been convicted of a felony in this or any other state"; however, this language was crossed out, effectively deleting it from the application.

The jury found appellee guilty and made an affirmative finding in their verdict that she used or exhibited a deadly weapon in the course of committing the burglary.

Article 42.12, section 3, of the Texas Code of Criminal Procedure provides that "the judges of the courts of the State of Texas ... shall have the power ... [to] place the defendant on probation." Section 3g(a)(2) of the same article states that the above provision does not apply "to a defendant when it is shown that the defendant used or exhibited a deadly weapon as defined in Section 1.07(a)(11), Penal Code, during the commission of a felony offense or during immediate flight therefrom." We have held that when a jury makes such an affirmative finding in the verdict, this article requires the trial judge to enter the finding in the judgment, and thereby prohibits the judge from granting probation. *Ex Parte Poe*, 751 S.W.2d 873, 877 (Tex.Cr.App.1988) ("[T]he trial judge was required to reflect [the affirmative finding] by making a proper entry in the judgment. The trial judge retained no discretion to do otherwise."); *Ex Parte Hopson*, 688 S.W.2d 545 (Tex.Cr.App.1985), (Clinton, J., concurring); *See also May v. State*, 722 S.W.2d 699 (Tex.Cr.App.1984).

Nevertheless, appellee's trial counsel presented witnesses before the judge at the punishment hearing who recommended that appellee receive probation. Additionally, in his argument for probation at the close of the punishment hearing, appellee's trial counsel suggested to the judge that "it is within the authority of the Court to set aside the affirmative finding of a deadly weapon that was entered by the jury and consider the full range of punishment for Mrs. Recer, including probation." This suggestion was erroneous.

We must now determine whether trial counsel's error amounted to ineffective assistance. The State urges that the record does not support a finding that counsel did not render reasonably effective assistance simply because he believed that the judge could set aside the affirmative finding.

■ To determine whether counsel's assistance was reasonably effective during the punishment phase of the trial the representation must be viewed in its totality. *Ex Parte Duffy*, 607 S.W.2d 507 (Tex.Cr.App.1980); *Ex Parte Cruz*, 739 S.W.2d 53 (Tex.Cr.App.1987); *Ex Parte Walker*, 777 S.W.2d 427 (Tex.Cr.App.1989). Each case must be reviewed based upon its individual facts and circumstances. *Ex Parte Gallegos*, 511 S.W.2d 510 (Tex.Cr.App.1974).

■ To support a claim of ineffective assistance of counsel where, as in this case, the complaint is that counsel misunderstood the law regarding probation pursuant to Art. 42.12, Sec.3g, V.A.C.C.P., more must be apparent from the record than trial counsel's mere mistake. There must be evidence that the defendant was initially eligible to receive probation, that counsel's advice to go to the trial judge for sentencing was not given as part of a valid trial strategy, that the defendant's decision to

have the judge assess punishment was based on his attorney's erroneous advice, and that the defendant's decision would have been different if her attorney had correctly informed her of the law. *See Mercado v. State,* 615 S.W.2d 225 (Tex.Cr. App.1981) (where the record did not reflect that the client was eligible for probation, counsel's failure to file a motion for probation did not constitute ineffectiveness); *Flanagan v. State,* 675 S.W.2d 734, 746–747 (Tex.Cr.App.1984) (where the record reflected that the appellant's attorney did not apply for probation, nor did he recommend jury punishment, even though it was appellant's only opportunity for probation, we wrote "nothing in the record reflects whether this … was … on counsel's suggestion or at appellant's insistence or that [it] … was not a valid trial strategy on the part of appellant's trial counsel. … In the face of a silent record, we decline to judge the decision on the basis of hindsight."); *Ex Parte Cruz,* 739 S.W.2d 53 (Tex.Cr.App. 1987) ("from the record before us we are unable to say that applicant's decision to go to the judge for punishment was not an informed and conscious piece of trial strategy.").

In this case the record indicates, in the presentence investigation report, that appellee may have had a prior conviction for a felony, to wit: aggravated assault. Therefore, if she had elected jury punishment, she would have been precluded from receiving probation. Art. 42.12, Sec. 4a, V.A.C.C.P.[1] However, by choosing to have the trial judge sentence her, it was possible that, if the jury had not entered an affirmative finding of a deadly weapon, the court could have granted her probation. Art. 42.12, Sec. 3, V.A.C.C.P.

The deletion of the language in the application for probation, that appellee had not been previously convicted of a felony, is an indication that appellee's counsel was aware that appellee had a prior felony conviction. The record reflects that trial counsel requested court sentencing, the only

possible means for probation. It was not until the jury returned the verdict with the affirmative finding of a deadly weapon that appellee was precluded from receiving probation. In hopes of winning probation for appellee, counsel presented evidence that probation was the best punishment for her and argued that the trial judge should set aside the affirmative finding and grant appellee probation.

The record does not reflect that appellee went to the trial judge for sentencing solely because of her attorney's erroneous impression that the trial judge could set aside the affirmative finding and grant her probation. Further, it does not reflect that the decision to have the judge assess punishment was not a valid tactical strategy, nor does it reflect that her sentencing election would have been different had she been informed of the legal impact of an affirmative finding. The judgment of the Court of Appeals is reversed and this cause is remanded to the Court of Appeals for consideration of appellee's remaining point of error.

---

1. "In no case shall probation be recommended by the jury except when the sworn motion and proof shall show, and the jury shall find in their verdict that the defendant has never before been convicted of a felony." Art. 42.12, Sec. 3a(a), V.A.C.C.P. amended, in numbering only, by Acts 1989, 71st Leg. 1st C.S., Ch. 8, sec. 1, effective October 18, 1989.