COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 


 
 
  
 GABRIEL ISMAEL
 BERNAL,
  
                             Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                             Appellee.
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
    
  ' 
  
 
 
  
  
                 No. 08-00-00552-CR
  
 Appeal from the
  
 161st District Court
  
 of Ector County, Texas 
  
 (TC# B-27,314)
  
 
 


O P I N I O N

 

Gabriel Bernal was convicted by a
jury of aggravated assault, which included a finding that he had used a deadly
weapon.  The trial court sentenced him to
five years in the penitentiary.  In this
appeal, Bernal urges that his trial counsel was ineffective advising him to
elect punishment by the judge, erroneously believing the judge could assess
probation.  Finding ineffective
assistance of counsel that caused harm to appellant, we reverse and remand for
a new punishment trial.

Facts








Gabriel Bernal was charged with
aggravated assault by shooting at James Claire with a deadly weapon, a
firearm.  A jury found Bernal guilty of
aggravated assault with a deadly weapon as charged in the indictment.  Upon advice of counsel, Bernal elected to
have the trial court assess punishment. 
The court sentenced Bernal to five years in the penitentiary.

Trial counsel twice failed to timely
file a notice of appeal.  Upon filing of
a post-conviction writ of habeas corpus with the Court of Criminal Appeals, the
trial court was ordered to hold a hearing on the effectiveness of trial counsel.  The trial could found that Bernal had been
denied effective assistance of counsel both because counsel had not timely
perfected appeal, and because he had erroneously advised his client that the
judge could assess probation in the case. 
Finding ineffective assistance in the failure to perfect appeal, the
Court of Criminal Appeals issued its mandate granting Bernal=s out-of-time appeal.  Appeal was timely perfected to this Court.

We therefore have before us, with
benefit of a hearing and the trial court=s findings, appellant=s sole point of error:  that trial counsel was ineffective by failing
to inform him that the jury, but not the trial court, could grant probation
following conviction of aggravated assault with a deadly weapon.

Standard
of review

In determining whether counsel=s assistance was reasonably effective
during the punishment phase of trial, we view counsel=s representation in its
totality.  State v. Recer, 815
S.W.2d 730, 731 (Tex. Crim. App. 1991). 
We must review each case upon its individual facts and circumstances.  Id.








Ineffective
assistance claim

Tex.Code
Crim. Proc. Ann. art.
42.12, ' 3(a) (Vernon Supp. 2002) provides
that A[a] judge, in the best interest of
justice, the public, and the defendant . . . may suspend the imposition of the
sentence and place the defendant on community supervision . . . .@ 
Among other restrictions on this power to assess a probated sentence,
however, a judge may not give probation Ato a defendant when it is shown that
. . . the defendant used or exhibited [a] deadly weapon . . . .@ 
Tex.Code Crim. Proc. Ann. art.
42.12, ' 3g(a)(2) (Vernon Supp. 2002).  When a jury makes such an affirmative finding
in its verdict, this requires the trial judge to enter the finding in the
judgment, and thereby prohibits the judge from granting probation.  Ex parte Poe, 751 S.W.2d 873, 877
(Tex. Crim. App. 1988).

To support a claim of ineffective
assistance where counsel misunderstood the law regarding probation, more must
be apparent from the record than trial counsel=s mere mistake.  Recer, 815 S.W.2d at 731.  Appellant Bernal must show that:  (1) he was eligible to receive probation; (2)
counsel=s advice to go to the judge for
sentencing was not given as part of a valid trial strategy; (3) his decision to
have the judge assess punishment was based on the attorney=s advice; and (4) his decision would
have been different if counsel had correctly informed him of the law.  Id. at 731-32.








Here, there was a hearing on
ineffective assistance pursuant to a writ of habeas corpus filed in the Court
of Criminal Appeals.  Bernal=s trial counsel, Jessie Herrera,
testified that he advised his client that the judge could give probation and he
should go to the judge for punishment because, AI think we have more of a chance for
the judge to get probation than we do with the jury.@ 
Counsel testified this was not part of any trial strategy, but was just
a mistake on his part, because he did not know the trial judge could not give
probation in this situation.

Gabriel Bernal testified that he went
to the judge for sentencing on the advice of trial counsel.  He would have gone to the jury for punishment
if he had known the judge could not give probation.

The trial court made findings of fact
after the hearing on ineffective assistance of counsel was completed.  The court found that Bernal was represented
by retained counsel; that defendant wished to seek a probated term if found
guilty; that counsel did not file an election to have the jury assess
punishment, even though a judge could not give probation following an
affirmative finding of deadly weapon use; that counsel did not learn this until
it was too late; that the judge assessed a five year prison sentence; that
failure to elect the jury for punishment was not the result of any strategy,
but resulted from the incompetence of counsel at trial.   He found that the defendant=s eligibility for probation had been
previously established, that defendant had never been convicted of a felony and
he was otherwise eligible.  Finally, the
trial court found that trial counsel=s representation fell below the
constitutional standard and that defendant was harmed as a result.








Thus, all the Recer elements
were established in this case. The trial court=s findings are supported by the
record, and we agree with the conclusion that trial counsel=s erroneous advice was not reasonably
effective assistance of counsel, and that it was harmful.  We therefore vacate the trial court=s sentence of five years in the
penitentiary, and remand for a new punishment hearing.

Conclusion

We reverse and remand for a new
punishment trial.

 

                                                                        


SUSAN
LARSEN, Justice

September 19, 2002

 

Before Panel No. 1

Larsen, McClure, and Chew,
JJ.

 

(Do Not Publish)