

**NUMBER 13-06-00576-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**CALVIN ADAMS,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

**On appeal from the 147th District Court
of Travis County, Texas.**

---

**MEMORANDUM OPINION**

**Before Justices Rodriguez, Garza, and Vela
Memorandum Opinion by Justice Rodriguez**

A jury found appellant guilty of aggravated assault, a second degree felony, and the trial court sentenced him to eight years' confinement in the Texas Department of Criminal Justice-Institutional Division (TDCJ-ID). *See* TEX. PENAL CODE ANN. § 22.02(a)(2), (b)

(Vernon Supp. 2007).  By two issues, appellant contends that the evidence is factually insufficient to establish that he used a deadly weapon and that he was denied effective assistance of counsel.  We affirm.

## I. PROCEDURAL BACKGROUND

Appellant was charged in a two-count indictment with committing the offenses of aggravated assault and felony assault family violence.  Count one charged that appellant:

> intentionally, knowingly or recklessly cause[d] bodily injury to Kimberly Silva by choking the said Silva with his hand, and [appellant] did then and there use or exhibit a deadly weapon, to-wit:  his hand, which in the manner of its use or intended use was capable of causing death or serious bodily injury, during the commission of this offense; or . . . [appellant] did then and there intentionally, knowingly or recklessly cause bodily injury to [Silva] by striking the said [Silva] with a rod, [appellant] did then and there use or exhibit a deadly weapon, to-wit:  a rod, which in the manner of its use or intended use was capable of causing death or serious bodily injury, during the commission of this offense; then you will find [appellant] guilty of the offense of aggravated assault.

Count one did not predicate the aggravated assault charge solely upon appellant's use of his hand as a deadly weapon.  It alleged, as an alternative manner or means of committing the offense, that appellant used a wooden rod to commit the offense.  Count two charged that appellant:

> did then and there and intentionally, knowingly, or recklessly cause bodily injury to [Silva], a member of the said [appellant's] household or with whom [appellant] has had a dating relationship, by striking [with his hand, pushing, pulling the hair of, striking with a rod, or choking the said Silva], and that previously [appellant] had been convicted of an offense against a member of the said [appellant's] family or household or against a person with whom [appellant] has had a dating relationship, to-wit:  assault, on September 27, 2005, in Cause No. 23604 in the County Court of Fayette County, Texas.

The trial court's charge instructed the jury that it could find appellant guilty of only one of the counts.  The application paragraph pertaining to count one charged the two

2

alternative theories of committing aggravated assault in the disjunctive. Under the first theory, the jury was instructed to find appellant guilty if, it found beyond a reasonable doubt that appellant caused bodily injury to the complainant by choking her with his hand and that appellant used or exhibited "a deadly weapon, to-wit: his hand, which in the manner of its use or intended use was capable of causing death or serious bodily injury." Under the alternative theory, the jury was instructed to find appellant guilty if, it found beyond a reasonable doubt that appellant caused bodily injury to the complainant by striking her with a rod and that appellant used or exhibited "a deadly weapon, to-wit: a rod, which in the manner of its use or intended use was capable of causing death or serious bodily injury."

The jury returned a general verdict, finding that appellant was guilty "of the offense of aggravated assault as alleged in count one of the indictment." The verdict did not specify the theory of which the appellant was found guilty. The jury did not reach count two of the indictment.

Appellant elected to have his punishment assessed by the trial court. The trial court sentenced appellant to imprisonment in TDCJ-ID for a term of eight years.

## II. FACTUAL SUFFICIENCY CHALLENGE

By his second issue, appellant contends that the evidence was factually insufficient to establish that he used a deadly weapon when he assaulted Silva. Specifically, appellant argues that a closet rod was not capable of causing serious bodily injury or death.

### A. Standard of Review and Applicable Law

In a factual sufficiency review, we view all of the evidence in a neutral light in order to determine whether a jury was rationally justified in finding guilt beyond a reasonable doubt. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006). Evidence may

3

be factually insufficient if: (1) it is so weak as to be clearly wrong and manifestly unjust, or (2) the jury's verdict is against the great weight and preponderance of the available evidence. *Id.* Unless we can say with some objective basis in the record that the great weight and preponderance of the evidence contradicts the jury's verdict, we will not reverse the judgment as factually insufficient. *Id.* at 417.

A person commits aggravated assault if, during the course of committing an assault, he uses or exhibits a deadly weapon. TEX. PENAL CODE ANN. § 22.02(a)(2). A "deadly weapon" is "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." *Id.* § 1.07(a)(17)(B) (Vernon Supp. 2007).

## B. Analysis

Although appellant challenges the factual sufficiency of the evidence establishing that he used a deadly weapon by allegedly hitting appellant with the closet rod, he does not challenge the factual sufficiency of the evidence that supports a finding that he used his hand as a deadly weapon, the alternative manner of aggravated assault set out in the jury charge. *See Marinos v. State*, 186 S.W.3d 167, 175 (Tex. App.–Austin 2006, pet. ref'd) ("An indictment may allege different manners or means of committing a single offense, and the jurors are not required to agree upon a single manner or means."). The State argues that we should overrule appellant's second issue because the evidence was sufficient to support a finding by the jury that the offense was committed by using his hand. We agree.

Silva testified that she could not breathe because appellant was choking her. She further stated that she felt like she was about to "pass out." According to Silva, appellant stated that he should just kill her while he was choking her. The State introduced several

4

exhibits demonstrating that Silva had various marks, scrapes, and lacerations on her neck. Silva testified that the injuries were the result of the assault by appellant. Officer Lawrence Davis testified that "hands when they're used to choke someone to the point of possibly passing out [could] absolutely" be a deadly weapon.

After viewing all of the evidence in a neutral light, we conclude that the evidence was factually sufficient to establish that appellant's hand, in the manner of its use or intended use, was capable of causing death or serious bodily injury. *See* TEX. PENAL CODE ANN. § 1.07(a)(17)(B). Because the evidence supports a conviction under the theory that appellant used his hands to choke Silva, we overrule his second issue. *See Marinos*, 186 S.W.3d at 175.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

By his first issue, appellant contends that defense counsel rendered ineffective assistance by erroneously stating in front of the jury that "appellant would like to change his plea from not guilty" and by failing to object to Officer Davis's testimony.

### A. Standard of Review and Applicable Law

We determine whether counsel's representation was so deficient that it violated appellant's Sixth Amendment right to counsel by applying the *Strickland* two-pronged test. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *see Strickland v. Washington*, 466 U.S. 668, 687 (1984). The first prong of the *Strickland* test requires that appellant show that counsel's representation fell below an objective standard of reasonableness. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Under the second prong, appellant must show that there is a reasonable probability that, but for counsel's errors, the result would have been different. *Strickland*, 466 U.S. at 687, 694;

5

*Thompson*, 9 S.W.3d at 812; *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986) (en banc). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Therefore, under *Strickland*, to prevail on an ineffective assistance of counsel claim, an appellant must prove by a preponderance of the evidence (1) deficient performance and (2) prejudice. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002); *Busby v. State*, 990 S.W.2d 263, 268 (Tex. Crim. App. 1999) (citing *Strickland*, 466 U.S. at 687).

## B. Analysis

### 1. Attorney's Comment Regarding Changing Plea

After the State rested its case and defense counsel conferred with appellant, the trial court asked: "Okay. [Defense Counsel], does [appellant] have any evidence and if so, do you wish to make a brief opening statement?" Defense counsel replied: "Yes, sir, initially, though [appellant] would like to change his plea from not guilty." The trial court interrupted defense counsel and explained that it believed that such a discussion should occur without the presence of the jury. After the jurors exited the courtroom, the following discussion occurred:

| | |
|---|---|
| Defense Counsel: | I'm sorry, Your Honor. I–we're–I didn't mean to put it out of turn. My client is changing his plea from not guilty to everything, to guilty of the first paragraph of Count 2. |
| Trial Court: | Okay. Count 2 is the third degree-felony assault family violence, a felony. Count 1 is second-degree felony, aggravated– |
| Defense Counsel: | I'm sorry. The first paragraph of Count 2. |
| Trial Court: | The third degree-felony? |

6

Defense Counsel:   Yes–actually just the first paragraph. . . .  He doesn't want to plead to anything in Count 1. . . .

. . . .

Trial Court:   And he wants to plead to a misdemeanor lesser included of Count 2?

Defense Counsel:   Yes, sir.

. . . .

Trial Court:   He can't do that.  He can't do that.

Defense Counsel:   We've kind of been all over the map and I've kind of forgot where I was.

Trial Court:   Yeah.  He can't do that.

Defense Counsel:   All right.

Appellant argues that defense counsel's announcement before the jury that appellant wanted to change his plea of not guilty was prejudicial and lacked any legal basis.  Appellant further argues that he was prejudiced because "his credibility was seriously impaired by Defense Counsel's erroneous announcement that he wished to change his plea from not guilty immediately before he took the stand" to deny the aggravated assault.

However, even if we were to assume that defense counsel's statement constituted deficient performance, appellant has not shown that there is a reasonable probability that, but for counsel's alleged error, the result would have been different.[1]  *See Strickland*, 466

---

[1] We do not decide that defense counsel's performance was deficient in this case, but determine that appellant fails to show prejudice under the second prong of *Strickland*.  *See Strickland v. Washington*, 466 U.S. 668, 697 (1984) (providing that a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies, and, if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed).

U.S. at 687, 694; *Thompson*, 9 S.W.3d at 812; *Hernandez*, 726 S.W.2d at 55.  The record is silent on whether defense counsel's comment impaired appellant's credibility, and such a finding would be based on pure conjecture and speculation. *See Strickland*, 466 U.S. at 693 (explaining that it is not enough for a defendant to show that counsel's errors had some conceivable effect on the outcome of the proceeding, and that the defendant must show that counsel's errors "actually had an adverse effect on the defense").

In this case, the jury charge instructed that:

In all criminal cases the burden of proof is on the State.  All persons are presumed innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. . . .  You are charged that it is only from the witness stand that the jury is permitted to receive evidence regarding the case, or any witness therein . . . .

Although the jury heard defense counsel's statement that appellant wanted to change his plea of not guilty, the trial court in its charge properly instructed the jury to only consider evidence received from the witness stand.  Therefore, without a showing on the record that the jury actually considered defense counsel's comment in weighing appellant's credibility, we must presume it followed the law as instructed.  *See id.* at 694 ("In making the determination whether the specified errors resulted in the required prejudice, a court should presume . . . that the judge or jury acted according to law.").

**2.  Failure to Object**

Appellant also argues that defense counsel was ineffective by failing to object to Officer Davis's testimony because it was "improper character evidence introduced solely to persuade the jury of [appellant's] violent nature."  Appellant complains that defense counsel should have objected when Officer Davis testified:  (1) that there had been previous disturbances at the address; (2) there were hazards on the call which told him to

8

prepare for trouble; (3) he thought appellant might have been under the influence of a narcotic because of the way he was acting, (4) he just "knew that this was not good"; (5) he had a "funny feeling" something was wrong; (6) he remembered the arrest because it was the first time he had felt threatened by an individual; (7) the closet rod made his "hair stand up"; (8) he was concerned that appellant was not forthcoming in his demeanor; and (9) this was a "good assault." Appellant argues that defense counsel should have objected on the basis that the testimony was irrelevant, prejudicial, bolstering, speculative, and evidence of extraneous offenses. Appellant, however, fails to articulate how he was prejudiced by defense counsel's failure to object to Officer Davis's testimony.

Appellant filed an untimely motion for new trial in which he complained only that the evidence was legally and factually insufficient to support the verdict. As a result, the record is silent as to the possible reasons for defense counsel's actions. Furthermore, considering the evidence presented by the State, appellant has not shown by a preponderance of the evidence there is a reasonable probability that, but for his counsel's failure to object to Officer Davis's testimony, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 687, 694; *Thompson*, 9 S.W.3d at 812; *Hernandez*, 726 S.W.2d at 55. Other evidence presented showed that appellant hit Silva with his fists outside in the parking lot, in the bathroom, and in the living room. And, as noted above, the evidence was sufficient to establish that appellant's hand, in the manner of its use or intended use, was capable of causing death or serious bodily injury.

Therefore, we cannot conclude based on the record that there is a reasonable probability that, but for counsel's alleged mistake or failure to object, the result would have been different. *Strickland*, 466 U.S. at 687, 694; *Thompson*, 9 S.W.3d at 812; *Hernandez*,

9

726 S.W.2d at 55. Absent a showing of prejudice, appellant's ineffective assistance of counsel claim cannot succeed. *See Strickland*, 466 U.S. at 687; *see also State v. Recer*, 815 S.W.2d 730, 731 (Tex. Crim. App. 1991) (holding that there must be more apparent from the record than trial counsel's mere mistake in order for the defendant's ineffective assistance of counsel claim to succeed). Thus, appellant's arguments do not satisfy the second prong of the *Strickland* test, and we cannot conclude that defense counsel rendered ineffective assistance. We overrule appellant's first issue.

## IV. Conclusion

We affirm.

NELDA V. RODRIGUEZ
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and
filed this 7th day of August, 2008.

10