COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                       NOS.  2-07-384-CR

                                                2-07-385-CR

 

 

KENNETH L. ENGLISH                                                          APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Kenneth L. English
entered open pleas of guilty to two counts of aggravated robbery with a deadly
weapon, and the trial court found him guilty on both counts.  At the punishment hearing, his trial counsel
urged the court to put Appellant on community supervision.  After noting that Appellant was ineligible for
community supervision under article 42.12, section 3g,[2]
the trial court sentenced him to twenty-five years= confinement on each count.  In
his sole point on appeal, Appellant argues that trial counsel rendered
ineffective assistance because he failed to inform Appellant that he was ineligible
for community supervision if the trial court assessed punishment.  We affirm.

                                       Standard of Review

To establish ineffective
assistance of counsel, an appellant must show by a preponderance of the
evidence (1) that his counsel=s representation fell below the standard of prevailing professional
norms and (2) that there is a reasonable probability that, but for counsel=s deficiency, the result of the trial would have been different.  Strickland v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas v. State, 163 S.W.3d
734, 740 (Tex. Crim. App. 2005); Mallett v. State, 65 S.W.3d 59, 62B63 (Tex. Crim. App. 2001); Thompson v. State, 9 S.W.3d
808, 812 (Tex. Crim. App. 1999).








When evaluating the
effectiveness of counsel under the first Strickland prong, we look to
the totality of the representation and the particular circumstances of each
case.  Thompson, 9 S.W.3d at
813.  The issue is whether counsel=s assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error.  See Strickland, 466 U.S. at 688B89, 104 S. Ct. at 2065.  Review
of counsel=s
representation is highly deferential, and the reviewing court indulges a strong
presumption that counsel=s conduct
fell within a wide range of reasonable representation.  Salinas, 163 S.W.3d at 740; Mallett,
65 S.W.3d at 63. 

The second prong of Strickland
requires a showing that counsel=s errors were so serious that they deprived the defendant of a fair
trial, i.e., a trial whose result is reliable. 
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064.  In other words, appellant must show there is
a reasonable probability that, but for counsel=s unprofessional errors, the result of the proceeding would have been
different.  Id. at 694, 104 S. Ct.
at 2068.  A reasonable probability is a
probability sufficient to undermine confidence in the outcome.  Id. 
The ultimate focus of our inquiry must be on the fundamental fairness of
the proceeding whose result is being challenged.  Id. at 697, 104 S. Ct. at 2070.








A reviewing court will rarely
be in a position on direct appeal to fairly evaluate the merits of an
ineffective assistance claim.  Thompson,
9 S.W.3d at 813B14.  AIn the majority of cases, the record on direct appeal is undeveloped
and cannot adequately reflect the motives behind trial counsel=s actions.@  Salinas, 163 S.W.3d at 740 (quoting Mallett,
65 S.W.3d at 63).  To overcome the
presumption of reasonable professional assistance, Aany allegation of ineffectiveness must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged
ineffectiveness.@  Id. (quoting Thompson, 9 S.W.3d
at 813).  It is not appropriate for an
appellate court to simply infer ineffective assistance based upon unclear
portions of the record.  Mata v. State,
226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

There is no requirement that
we approach the two-pronged inquiry of Strickland in any particular
order, or even address both components of the inquiry if the defendant makes an
insufficient showing on one component. 
466 U.S. at 697, 104 S. Ct. at 2069.

                                             Discussion

Appellant entered open pleas
of guilty to two counts of aggravated robbery with a deadly weapon.  At punishment, Appellant=s sister and grandmother and the mother of his children testified that
he was a good candidate for community supervision.  Appellant testified why he wanted the trial
court to put him on community supervision. 








At the conclusion of the
punishment-phase testimony, the trial court noted that Appellant was ineligible
for community supervision because article 42.12, section 3g provides that when
a defendant elects to have a judge assess punishment, the judge may not order
community supervision if the  defendant
has been adjudged guilty of, among other offenses, (1) aggravated robbery or
(2) a felony offense in which a deadly weapon was used or exhibited.  See Tex.
Code Crim. Proc. Ann. art. 42.12, ' 3g(a)(1)(F), (2).  Trial
counsel conceded that he might have misunderstood article 42.12 and asked the
trial court to put Appellant on community supervision or, if that was not
possible, to sentence him to no more than ten years in the penitentiary.  The State asked for a sentence of thirty
years.  The trial court sentenced
Appellant to twenty-five years= confinement in each case, with the sentences to run
concurrently.  Appellant did not file a
motion for new trial.

To support a claim of
ineffective assistance of counsel where, as in this case, the complaint is that
counsel misunderstood the law regarding probation pursuant to article 42.12,
section 3g, more must be apparent from the record than trial counsel=s mere mistake.  State v.
Recer, 815 S.W.2d 730, 731 (Tex. Crim. App. 1991).  There must be evidence that the defendant was
initially eligible to receive probation, that counsel=s advice to go to the trial judge for sentencing was not given as part
of a valid trial strategy, that the defendant=s decision to have the judge assess punishment was based on his
attorney=s erroneous advice, and that the defendant=s decision would have been different if his attorney had correctly
informed him of the law.  Id.








The only thing apparent from
the record in this case is counsel=s mere mistake regarding the possibility of community supervision
under article 42.12, section 3g.  There
is no evidence that Appellant was initially eligible to receive probation, that
counsel=s advice to go to the trial judge for sentencing was not part of a
valid trial strategy, that Appellant=s decision to have the judge assess punishment was based on counsel=s erroneous advice, or that his decision would have been different if
counsel had correctly informed him of the law. 
See id. 

Appellant cites Ex parte
Felton, 815 S.W.2d 733 (Tex. Crim. App. 1991) and Trevino v. State,
752 S.W.2d 735 (Tex. App.CEastland
1988), pet. dism=d, 759 S.W.2d 142 (Tex. Crim. App. 1988),
in support of his argument that trial counsel renders ineffective assistance
when counsel=s conduct
indicates a lack of understanding of the law and facts relevant to punishment. Felton
is distinguishable because it did not involve community supervision and
because the postconviction record was sufficiently developed to permit a full Strickland
analysis.  815 S.W.2d at 734B35.  Trevino is
distinguishable because it did not involve article 42.12, section 3g and thus
did not implicate the evidentiary requirements for showing ineffective
assistance set out by the court of criminal appeals in Recer.  752 S.W.2d at 737.








                                             Conclusion

We hold that from the limited
record on appeal, Appellant has failed to satisfy the second prong of Strickland
by showing a reasonable probability that, but for counsel=s deficiency, the result of the trial would have been different.  See Strickland, 466 U.S. at
687, 104 S. Ct. at 2064; Recer, 815 S.W.2d at 731.  Therefore, we overrule his sole point and
affirm the trial court=s judgments.

PER CURIAM

 

PANEL:  GARDNER, LIVINGSTON, and DAUPHINOT, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  August 28, 2008      











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Code Crim. Proc. Ann. art.
42.12, '
3g(a)(1)(F) (Vernon Supp. 2008), ' 3g(a)(2) (Vernon 2006).