COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| CRYSTAL MAY, | § | No. 08-09-00267-CR |
|  | § |  |
| Appellant, | § | Appeal from the |
|  | § |  |
| V. | § | 168th District Court |
|  | § |  |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
|  | § |  |
| Appellee. | § | (TC# 20070D02878) |
|  | § |  |

**O P I N I O N**

Crystal May appeals her conviction, pursuant to a plea bargain, for aggravated assault with a deadly weapon. Based on the State's recommendation, the trial court suspended Appellant's four-year prison sentence in favor of four years' community supervision. On appeal, Appellant raises a single issue in which she argues defense counsel was constitutionally ineffective causing her to enter her plea involuntarily.

Appellant was indicted for aggravated assault with a deadly weapon. Appellant initially elected to have a jury determine her guilt or innocence, and to have the trial court determine her punishment in the event she was convicted. After the jury began deliberations, defense counsel informed Appellant and the court that he mis-advised his client regarding her sentencing election in this case. Counsel admitted that he had mistakenly advised Appellant to elect to be sentenced by the court despite the fact that Article 42.12, Section 3g(a)(2) of the Texas Code of Criminal Procedure prohibits a trial judge from placing a felony defendant on community supervision if the verdict includes a deadly weapon finding. *See* TEX.CODE CRIM.PROC.ANN. art. 42.12,

§ 3g(a)(2)(West Supp 2010). Appellant's motion for mistrial was denied, and she immediately agreed to accept a plea agreement which had been on file in the district attorney's office.

The State agreed, and Appellant entered a plea of "guilty" to the offense of aggravated assault with a deadly weapon. The State recommended that Appellant be sentenced to four years' imprisonment, and further recommended that Appellant's sentence be probated in favor of community supervision for an equal term. The trial court accepted the plea, and sentenced Appellant in accordance with the State's recommendation.

In her sole issue on appeal, Appellant contends that the conviction must be reversed because she was "coerced" into pleading guilty by her attorney's mis-advice regarding the trial court's ability to sentence her to probation and community supervision rather than imprisonment. Appellant concludes that defense counsel's mis-advice amounted to constitutionally ineffective assistance of counsel.[1]

A claim of ineffective assistance of counsel consists of two components. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The appellant must establish both that his trial counsel performed deficiently, and that the deficiency caused him prejudicial harm. *Id*. When evaluating trial counsel's performance under the first prong, the reviewing court must not second-guess legitimate strategic or tactical decisions made in the midst of trial. *Strickland*, 466 U.S. at 689, 104 S.Ct. 2065. Instead, a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance must be indulged. *Id.* Absent a record sufficient to demonstrate that counsel's conduct was not the

---

[1]Appellant's argument is framed in terms of ineffective assistance of counsel, and we will limit our discussion to the issue as it is raised in the brief.

product of a strategic or tactical decision, a reviewing court should presume that the attorney's performance was constitutionally adequate. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex.Crim.App. 2005). Unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it," the constitutional standard is not offended. *Id*.

Any allegation of ineffectiveness must be firmly grounded in the record. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). It is the appellant's burden to demonstrate both deficient performance and prejudice, by a preponderance of the evidence. *See Thompson*, 9 S.W.3d at 813. The reviewing court must consider the totality of the representation and the particularities of each case in evaluating effectiveness. *Id*.

Even assuming that counsel's mis-advice to Appellant regarding the court's ability to place her on community supervision did rise to the level of ineffective assistance, Appellant must still establish that she was prejudiced by counsel's actions to satisfy the *Strickland* standard. *See* 466 U.S. at 687, 104 S.Ct. at 2064. A criminal defendant is prejudiced by a deficient representation when there is a reasonable probability that but for counsel's performance the result of the proceeding would have been different. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994). It is the defendant's burden to establish prejudice. *Jackson*, 877 S.W.2d at 771, *citing Strickland*, 466 U.S. at 694, 104 S.Ct. at 2064.

In essence, Appellant contends that counsel's mis-advice regarding the trial court's sentencing options ultimately forced her to enter an involuntary guilty plea. She argues that her primary concern during trial was to avoid going to prison, and that but for counsel's mis-advice she would not have elected to be sentenced by the court, and would not have plead guilty. She summarily concludes that the proceedings would have had a different outcome but for counsel's

mistake.

In the event that Appellant had been sentenced by the trial court, under the mistaken belief that she was eligible to receive probation, the record would support a finding of prejudice. *See State v. Recer*, 815 S.W.2d 730, 731-32 (Tex.Crim.App. 1991). In this case however, a verdict was never rendered, and Appellant was not sentenced by the trial court. Instead, prior to the jury's verdict, Appellant agreed to plead guilty to the charged offense in exchange for the State's recommendation that she be placed on community supervision.[2] Accordingly, Appellant has not met her burden to establish prejudice, and Issue One is overruled.

Having overruled Appellant's sole issue, we affirm the trial court's judgment.


May 18, 2011

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, J., and Barajas, C.J. (Ret.)
Barajas, C.J. (Ret.)(Sitting by Assignment)

(Do Not Publish)

---

[2] During the plea hearing, Appellant expressly stated that she understood the agreement, and that she was entering her plea voluntarily.