

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00418-CR

EX PARTE JONATHON ANDREW DIETRICH, APPELLANT

On Appeal from the 69th District Court
Hartley County, Texas
Trial Court No. 1360H, Honorable Ron Enns, Presiding

July 8, 2019

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Jonathon Andrew Dietrich appeals from the trial court's denial of his application for writ of habeas corpus challenging his conviction for the state jail felony offense of theft.[1]  *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 (providing for habeas corpus procedure in community supervision cases).  Presenting two issues, appellant first contends his counsel provided him ineffective assistance of counsel because counsel failed to inform him of the State's burden to prove appellant had the requisite *mens rea*

---

[1] TEX. PENAL CODE ANN. § 31.03 (West 2018).

to commit theft. Second, appellant argues his plea of guilty was rendered involuntary as a consequence of his counsel's ineffective assistance. We will affirm.

Background

Appellant's theft conviction stemmed from a bad check. The indictment alleged he "did then and there unlawfully appropriate, by acquiring or otherwise exercising control over, property, to-wit: hay or livestock feed, of the value $2,500 or more but less than $30,000, from Todd Skalsky or Brenda Skalsky, the owner thereof, without the effective consent of the owner, namely, by deception, and with intent to deprive the owner of the property."

The record reflects the Skalskys grew and sold hay, that appellant had purchased substantial quantities of hay from them, and that Todd Skalsky had discontinued their arrangement allowing appellant to defer payment because appellant was "getting too far into debt to me for feed that had not been paid for." The record further shows that by May 2016 appellant had made several payments but still owed the Skalskys some $262,033.40. At appellant's request, Todd allowed appellant to purchase feed for his dairy herd on a cash basis. Todd then sold appellant a milo crop for $13,500 and appellant took delivery. That same day, appellant took Brenda a check for $18,408, signed by appellant. The Skalskys received the check as payment for the milo crop and applied the remainder to appellant's existing debt.

The check was later returned by the Skalskys' bank for insufficient funds. After the Skalskys unsuccessfully sought reimbursement, appellant was indicted in March 2017 for the state jail felony offense of theft. In September of that year, he entered a plea of guilty

2

with an agreed punishment recommendation for two years of confinement, suspended in favor of community supervision for a period of five years. The court accepted the agreement, found appellant guilty, and assessed punishment in accordance with the agreement. That same day, appellant paid the full amount of restitution, $18,408, and his court costs.

In April 2018, appellant filed his application for writ of habeas corpus, alleging ineffective assistance of counsel and arguing his plea was involuntary as a result. Appellant argued that because his retained counsel never told him of the State's burden to show he possessed the requisite *mens rea* for theft, he failed to provide adequate assistance of counsel and appellant's guilty plea based on counsel's advice was thus involuntary. The trial court directed trial counsel to respond to appellant's allegations and counsel did so via affidavit. The court also had before it the affidavits of Todd Skalsky, the investigator for the DA's office, and appellant. The trial court entered findings of fact and conclusions of law noting that trial counsel's affidavit indicated appellant's allegations were groundless and ordered that appellant's application for writ of habeas corpus be denied.

It is from this ruling appellant now appeals.

Analysis

Code of Criminal Procedure Article 11.072 is the "exclusive means by which district courts may exercise their original habeas jurisdiction under Article V, Section 8, of the Texas Constitution in cases involving an individual who is serving a term of community supervision." *Ex parte Torres,* 483 S.W.3d 35, 42 (Tex. Crim. App. 2016) (citation

omitted).   The trial judge is the sole finder of fact in an article 11.072 post-conviction habeas corpus proceeding.   *Id.* (citation omitted).   *See also Ex parte Castaneda,* No. 03-17-00336-CR, 2018 Tex. App. LEXIS 1447, at *3-9 (Tex. App.—Austin Feb. 23, 2018, no pet.) (mem. op., not designated for publication) (citations omitted).   As a result, in conducting our review of the trial court's decision, we afford almost total deference to that court's factual findings when supported by the record, particularly when those findings are based on credibility and demeanor.   *Ex parte Torres,* 483 S.W.3d at 42 (citations omitted).   *See also Ex parte Castaneda,* 2018 Tex. App. LEXIS 1447, at *3 (citing *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003), overruled on other grounds by *Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007)).   We apply a de novo review to resolution of mixed questions of law and fact that do not turn on witness credibility and its resolution of pure questions of law.   *Ex parte Castaneda,* 2018 Tex. App. LEXIS 1447, at *3 (citations omitted).   In reviewing a trial court's decision to grant or deny habeas relief, we review the facts in the light most favorable to the court's ruling and, in the absence of an abuse of discretion, must uphold the ruling.   *Id.* at *3-4 (citing *Ex parte Wheeler,* 203 S.W.3d 317, 324 (Tex. Crim. App. 2006); *Kniatt v. State,* 206 S.W.3d 657, 664 (Tex. Crim. App. 2006)).

A criminal defendant has a constitutional right to effective assistance of counsel in plea proceedings.   *Ex parte Niswanger,* 335 S.W.3d 611, 614 (Tex. Crim. App. 2011) (citations omitted).   A guilty plea is not voluntary if made as a result of ineffective assistance of counsel.   *Id.* at 614-15 (citation omitted). When a habeas applicant challenges the validity of a guilty plea based on counsel's ineffectiveness, the applicant must show both that counsel's advice with respect to the plea offer did not fall within the

4

wide range of competence demanded of attorneys in criminal cases, and that counsel's errors affected the outcome of the plea process. *Id.* at 615 (citations omitted). We presume that counsel's performance was not deficient and "that counsel's conduct [fell] within the wide range of reasonable professional assistance." *Ex parte Casteneda,* 2018 Tex. App. LEXIS 1447, at *4 (citing *Strickland v. Washington,* 466 U.S. 668, 689 (1984); *Ex parte Bowman,* 533 S.W.3d 337, 349 (Tex. Crim. App. 2017)). To rebut that presumption, a claim of ineffective assistance must be "firmly founded in the record." *Thompson v. State,* 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). As for the second prong, appellant must show that there is a reasonable probability that, but for counsel's errors, the applicant would not have accepted the offer and pled guilty but would have insisted on going to trial. *Miller v. State,* 548 S.W.3d 497, 498 (Tex. Crim. App. 2018) (citing *Hill v. Lockhart,* 474 U.S. 52, 58-59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985); *State v. Recer,* 815 S.W.2d 730, 731-32 (Tex. Crim. App. 1991)). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Ex parte Castaneda,* 2018 Tex. App. LEXIS 1447, at *4 (citing *Strickland*, 466 U.S. at 700; *Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010); *Rylander v. State,* 101 S.W.3d 107, 110 (Tex. Crim. App. 2003)).

To succeed on a post-conviction writ of habeas corpus, the applicant bears the burden of proving his claim by a preponderance of the evidence. *Ex parte Torres,* 483 S.W.3d at 43 (citing *Ex parte Richardson,* 70 S.W.3d 865, 870 (Tex. Crim. App. 2002)); *Ex parte Castaneda,* 2018 Tex. App. LEXIS 1447, at *6. In the matter before us, appellant had the burden to produce evidence to show his trial counsel's representation fell below the wide range of competence demanded of attorneys in criminal plea proceedings

because counsel failed to advise him of the State's burden to prove appellant acted with the required criminal intent. *Id.* The State argues appellant failed to satisfy his burden. We agree.

As noted, the trial court had before it the affidavits of trial counsel, appellant, the investigator, and Todd Skalsky. Counsel's affidavit does not support appellant's allegation they did not discuss the intent requirement for the theft prosecution. In his affidavit, counsel averred he "had several discussions with [appellant] regarding the facts of this case," and that they talked about the "issues regarding this case." Appellant's affidavit said he asked his attorney "if a check given on a revolving account was sufficient to prove theft of use by check." His attorney responded, he said, "A bad check is a bad check." On appellant's further inquiry, his trial counsel said, "Jonathan, a hot check is a hot check." Counsel did not acknowledge making those statements.

On appeal, appellant relies heavily on the holding of *Daugherty v. State,* 387 S.W.3d 654 (Tex. Crim. App. 2013), a theft of services case. *See* TEX. PENAL CODE ANN. § 31.04(a)(1) (West 2018). In *Daugherty*, the court reiterated its prior caselaw holding that "[w]hen the indictment alleges theft of services by 'deception' through the issuance of a bad check, proof that the check was issued after the performance of the services will not support a conviction for theft of services." *Id*. at 658. By analogy to *Daugherty*, appellant argues the $18,408 returned check could not support his conviction because he gave it for hay that he had previously received, so there is a disconnect between his appropriation of the hay and the deception the indictment alleged. Appellant's affidavit suggests that his trial counsel should have "discuss[ed] taking this matter to a contested

trial and seeking an instructed verdict of not guilty based on the State's inability to prove criminal intent . . . ."

Assuming, without deciding, that appellant's analogy from a theft-of-services case under Penal Code section 31.04 would have application to his prosecution for theft of property under section 31.03, we agree with the State that the analogy fails under the facts reflected in this record. Appellant's argument disregards the affidavit testimony showing that the $18,408 check was received primarily in payment for the milo crop and only secondarily as a reduction of his unpaid hay bill.

The investigator's affidavit contains the statement, "[a]ccording to the Skalskys[,] they sold a portion of their milo crop to [appellant], valued at $13,500.00. [Appellant] took delivery and was invoiced on June 2, 2016. That same day, Mrs. Skalsky received a check personally from [appellant] in the amount of $18,408.00. This check would have covered the cost of the milo and paid some on the existing debt." Todd Skalsky's affidavit, as noted earlier, also stated the check paid for the contemporaneously-purchased milo.

With regard to the discussions between appellant and his trial counsel, the habeas court was free to accept counsel's memory of the discussions rather than appellant's.[2] *Ex parte Torres,* 483 S.W.3d at 42. For that reason alone, the evidence before the trial court does not satisfy appellant's burden to show by a preponderance of the evidence

_____

[2] In that regard, we note appellant's affidavit addressed only one discussion with counsel regarding his prosecution, that being their discussion on the day of his plea hearing. Counsel's affidavit referred to several discussions during the pendency of the case, including those in which counsel relayed plea negotiation results. The court readily could have concluded appellant's affidavit did not reflect the scope of discussions between counsel and client.

that his counsel's assistance fell below an objectively reasonable standard. And appellant's misplaced reliance on a theory based on *Daugherty*, 387 S.W.3d at 658-59, does not change the result. In sum, appellant has not shown he received ineffective assistance of counsel.

Because appellant has failed to satisfy his burden to show his counsel provided to him ineffective assistance of counsel, we find also he has not shown his guilty plea based on that assistance was involuntary.

We resolve appellant's issues against him.

## Conclusion

The trial court did not err in denying appellant's application for writ of habeas corpus. Its order is affirmed.

James T. Campbell
Justice

Do not publish.