

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,083-01

### EX PARTE CODY DARUS FRENCH, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 10940-D IN THE 350TH DISTRICT COURT FROM TAYLOR COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of aggravated sexual assault and sentenced to sixty years' imprisonment. The Eleventh Court of Appeals reversed the judgment of conviction and remanded the case to the trial court. *French v. State*, 534 S.W.3d 693 (Tex. App.—Eastland 2017). We reversed the judgment of the court of appeals and remanded the case to the court of appeals. *French v. State*, 563 S.W.3d 228 (Tex. Crim. App. 2018). On remand, the court of appeals affirmed the judgment of conviction. *French v. State*, No. 11-14-00284-CR (Tex. App.—Eastland July 25, 2019) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC.

art. 11.07.

Applicant contends, among other things, that trial counsel was ineffective. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claim in ground three that counsel failed to advise him of his right to a jury trial on punishment and to file a written election to have a jury decide punishment. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

In response to Applicant's first ground, the trial court shall make further findings of fact and conclusions of law as to whether trial counsel's conduct was deficient and Applicant was prejudiced under the standards set out in *Strickland v. Washington*.[1] In response to Applicant's third ground, the trial court shall also determine whether counsel's conduct was deficient and Applicant was prejudiced. *See Miller v. State*, 548 S.W.3d 497 (Tex. Crim. App. 2018); *State v. Recer*, 815 S.W.2d 730, 731-32 (Tex. Crim. App. 1991). The trial court may make any other findings and conclusions

---

[1] In its original findings of fact and conclusions of law, the trial court found that trial counsel's "strategic reasons for not objecting to certain testimony, deciding not to cross-examine a witness, not filing a limine motion, not objecting to the jury instructions, and not objecting to the prosecutor's closing arguments are plausible." *Strickland* requires reviewing courts to determine whether counsel's conduct fell below an objective standard of reasonableness and, if so, whether there is a reasonable probability that the result would have been different but for counsel's deficient conduct. *Strickland*, 466 U.S. at 688–89, 694.

that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: February 24, 2021
Do not publish