

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOs. PD-0216-21 & PD-0217-21

### TIMOTHY AARON SWINNEY, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE NINTH COURT OF APPEALS
### NEWTON COUNTY

**KEEL, J., delivered the opinion for a unanimous Court.**

### O P I N I O N

This case presents an ineffective-assistance-of-counsel claim stemming from the ever-fruitful topic of bad advice about probation eligibility. The issue is the measure of prejudice when an attorney mistakenly tells his client that he is eligible for probation from the trial court. Must the defendant show a reasonable likelihood of a different outcome if he had elected the jury for punishment instead of the court? Or does the measure of prejudice focus on the defendant's decision making? The correct measure

focuses on the impact of the bad advice on the defendant's decision making and does not require a showing of a different outcome. *Miller v. State*, 548 S.W.3d 497, 498 (Tex. Crim. App. 2018).

We granted Appellant's petition for discretionary review to decide whether the court of appeals ignored *Miller* and required Appellant to show a reasonable likelihood of a more favorable outcome from the jury than he got from the trial court. We hold that even if the court of appeals used the wrong standard, it reached the right result because the record is silent about the effect of the attorney's advice on Appellant's decision making. Consequently, we affirm the judgment of the court of appeals.

## I. Background

Appellant was charged with aggravated assault with a deadly weapon. Before trial he filed a motion for probation and a punishment election. The handwritten election originally opted for jury punishment, but "jury" was crossed out and "judge" written above it. After the jury convicted Appellant, his attorney argued that Appellant was eligible for and seeking probation from the court. When the judge questioned whether that was possible, the State pointed out that it was not, but the defense attorney maintained that it was and continued to urge the judge to assess a probated sentence. In fact, the judge could not assess a probated sentence in the face of a deadly weapon finding. *See* Tex. Code Crim. Proc. art. 42A.054(b). The judge instead sentenced Appellant to eight years in prison on one count and two years on the other.

## II. Ineffective Assistance of Counsel (IAC)

A successful IAC claim depends on (1) deficient performance and (2) prejudice. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Prejudice may be measured in one of two ways: a reasonable probability of a different outcome or a reasonable probability of a different decision by the defendant. *Miller*, 548 S.W.3d at 499. Choosing between the two depends on the possible result of the deficient performance. *Id.* For example, if the deficient performance pertained to a guilty verdict, then prejudice would depend on "a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Strickland*, 466 U.S. at 695. If the deficient performance pertained to punishment, then prejudice would depend on a reasonable probability that the sentencer would have assessed a more lenient punishment absent the errors. *Id.* But if the deficient performance might have caused the defendant to waive a proceeding he was otherwise entitled to, then a reasonable probability that the deficient performance caused the waiver fulfills the prejudice requirement. *Lee v. United States*, 137 S.Ct. 1958, 1965 (2017). In that situation the focus is on the defendant's decision making. *Id.* at 1966.

The possibility of a different outcome is the wrong prejudice standard in the latter circumstance because "we cannot accord any presumption of reliability to judicial proceedings that never took place." *Roe v. Flores-Ortega*, 528 U.S. 470, 483 (2000) (citation and internal quotations omitted). The different-outcome question is relevant only to the extent that it sheds light on whether the deficient performance affected the defendant's decision making. *See id.* at 486 (noting that possible merits of a forfeited

appeal "may give weight to the contention that the defendant would have appealed," but they are not required "to satisfy the prejudice requirement where there are other substantial reasons to believe that he would have appealed"); *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (holding the different outcome question relevant only to the extent it impacted defendant's decision to plead guilty).

*Miller* addressed this Court's competing opinions about judging IAC prejudice stemming from bad advice about probation eligibility. *Miller*, 548 S.W.3d at 501. Those opinions were *State v. Recer*, 815 S.W.2d 730 (Tex. Crim. App. 1991), and *Riley v. State*, 378 S.W.3d 453 (Tex. Crim. App. 2012). We upheld *Recer*'s focus on the defendant's decision making and abandoned *Riley*'s different-outcome requirement. *Miller*, 548 S.W.3d at 501.

In *Recer* a jury convicted the defendant of burglary of a habitation with a deadly weapon. 815 S.W.2d at 730. In the punishment hearing before the trial court, the attorney mistakenly argued that the judge could set aside the jury's deadly weapon finding and grant probation. *Id.* at 731. Recer claimed on appeal that her attorney failed to tell her that the judge could not grant her probation, and if he had, she would not have waived jury punishment. *Id.* at 730-31.

We noted that the trial attorney erred in seeking probation from the judge after the jury's deadly weapon finding, but his "mere mistake" would not support the IAC claim. *Id.* Rather, such a claim would also depend on evidence that (1) the defendant was eligible for probation, (2) no valid trial strategy supported going to the court for

punishment, (3) the defendant's decision to elect the court for punishment was based on the attorney's bad advice, and (4) the defendant would have decided differently if her attorney had correctly advised her of the law. *Id.* at 731-32.

*Riley* later "tacked on an additional requirement: proof that the 'results of the proceeding [not had] would have been different had [the defendant's] attorney correctly informed him of the law.'" *Miller*, 548 S.W.3d at 501 (quoting *Riley*, 378 S.W.3d at 458, which was citing *Recer*, 815 S.W.2d at 731-32). *Burch v. State* approved of *Riley*'s different-outcome requirement. 541 S.W.3d 816, 821 (Tex. Crim. App. 2017). But because that requirement was unnecessary to the decision in *Burch*, its approval was dicta and lacked precedential value. *Id.* at 823 (Keel, J., concurring).

*Miller* abandoned the different-outcome requirement because it was so speculative as to be unworkable, it was unsupported by any authority or rationale, and it was inconsistent with binding precedent from the United States Supreme Court. *Miller*, 548 S.W.3d at 501. We disavowed *Riley*'s addition of a different-outcome element, and we re-affirmed *Recer*'s focus on the defendant's decision making when assessing prejudice from bad advice about probation eligibility from a court versus a jury. *Id.* at 498, 501. To fulfill the prejudice requirement, Miller would have to show a reasonable probability that he would have elected the jury if he had been given correct advice about his probation eligibility, but "[h]e would not have to demonstrate a reasonable likelihood that the jury trial he waived would have yielded a more favorable result than the court trial he had." *Id.* at 502.

The question here is whether the court of appeals ignored *Miller* and required a likelihood of a better outcome from the waived jury hearing instead of focusing on the defendant's decision making.

## III. Court of Appeals' Opinion

The court of appeals agreed with Appellant that the record showed that his attorney had misled him about his eligibility for probation from the trial court if he were convicted of aggravated assault. *Swinney v. State*, Nos. 09-18-00474-CR & 09-18-00475-CR, 2021 WL 261568, at *5 (Tex. App.—Beaumont January 27, 2021) (mem. op., not designated for publication). It also noted what the record did not show—that, if the attorney had correctly advised Appellant that only the jury could grant him probation, then "he would have elected to have the jury assess punishment" instead of the court. *Id.* That was the relevant question for determining prejudice. *Miller*, 548 S.W.3d at 502. Did the court of appeals also require a showing of a different outcome?

On one hand, it said that this Court "has explained that to prove prejudice, the defendant must demonstrate[,]" among other things, that "the results of the proceeding would have been different had his attorney correctly informed him of the law." *Swinney*, 2021 WL 261568 at *5. In support of this assertion the court of appeals cited *Burch*, 541 S.W.3d at 820 (quoting *Riley*, 378 S.W.3d at 458). *Swinney*, 2021 WL 261568 at *5 and n.37. It also concluded that Appellant could not "meet his burden to show the outcome in his trial would have been different" if he had been correctly advised about probation eligibility. *Id.* at *6. And although it did not ignore *Miller*, it misread it, citing it for a

point that *Miller* did not make.   *Swinney*, 2021 WL 261568 at *5 and n.39 (citing *Miller*, 548 S.W.3d at 502, for the proposition that it is difficult to prove on an undeveloped record that the defendant would have elected the jury for punishment if he had been correctly advised about probation eligibility).

On the other hand, the court of appeals reached its holding in concert with *Recer*, noting the lack of evidence to show what Appellant might have done if he had been correctly advised about probation eligibility from the trial court or whether he had other reasons besides his attorney's advice for electing the court for punishment.   *Swinney*, 2021 WL 261568 at *6 (citing *Recer*, 815 S.W.2d at 732).   The trial court was never asked to decide what Appellant might have done had he been given different advice, and Appellant did not file an affidavit or testify that he would have elected to have the jury assess punishment had his attorney advised him that only the jury could consider probation.   *Swinney*, 2021 WL 261568 at *6.

The court of appeals reached the right result even though it at times referred to the wrong prejudice standard.

**IV.   Analysis**

Appellant wanted probation, and he was eligible for it only from a jury, but his attorney argued for the trial court to assess it.   Assuming for the sake of argument that the attorney advised Appellant that he was eligible for probation from the trial court, the record nevertheless says nothing about the impact of that bad advice on Appellant's punishment election.   There is nothing to show that he relied on the advice, whether

other considerations influenced his punishment election, or whether he would have elected the jury for punishment if his attorney had correctly advised him about his probation eligibility.   On the contrary, the record suggests a valid strategy for going to the court for punishment that may have been a separate influence for Appellant's decision.   That is, after the trial court ruled in a pretrial hearing that extraneous offenses would be admitted against Appellant in the guilt phase of trial, Appellant's attorney considered waiving a jury altogether because it would be "devastating" if the jury heard that one of the extraneous offenses was an assault.

Since the record does not show a reasonable probability that the attorney's mistake about probation eligibility caused Appellant to waive the jury for punishment, his IAC claim must fail for lack of prejudice.

## V.   Conclusion

To support an IAC claim based on an attorney's mistake about probation eligibility from a court versus a jury, the record must show more than the mistake; it must also show whether and how the mistake influenced the defendant's punishment election. Since there is no such showing here, we affirm the judgment of the court of appeals.

Delivered: March 2, 2022

Publish