**Opinion filed August 11, 2011**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00276-CR
_____

## EARL ALLEN FANT, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 161st District Court**

**Ector County, Texas**

**Trial Court Cause No. B-34,978**

## M E M O R A N D U M   O P I N I O N

The jury convicted Earl Allen Fant of the offense of aggravated assault with a deadly weapon, and the trial court assessed punishment at confinement for eight years. We affirm.

Appellant presents two issues on appeal. In the first issue, he argues that he received ineffective assistance of counsel at trial because trial counsel failed to timely file a proper application for community supervision and an election for the jury to assess punishment. In the second issue, appellant challenges the legal and factual sufficiency of the evidence to support his conviction.

We note at the outset of our analysis of appellant's second issue that the Texas Court of Criminal Appeals has now held in *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010), that there is "no meaningful distinction between the *Jackson v. Virginia*[1] legal-sufficiency standard and the *Clewis*[2] factual-sufficiency standard"; that the *Jackson v. Virginia* standard is the "only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt"; and that "[a]ll other cases to the contrary, including *Clewis*, are overruled." *Brooks*, 323 S.W.3d at 895, 902, 912 (footnotes added). Accordingly, a challenge to the factual sufficiency of the evidence is no longer viable. We also note that appellant did not have the benefit of the opinion in *Brooks* when this case was briefed. We will review appellant's sufficiency challenge under the legal sufficiency standard set forth in *Jackson v. Virginia*. Under this standard, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307; *Brooks*, 323 S.W.3d at 899.

Appellant was convicted of aggravated assault with a deadly weapon based upon the jury's verdict that he intentionally and knowingly threatened Kathy Moore with imminent bodily injury and that he used or exhibited a deadly weapon (a knife) during the commission of the offense. The record shows that Moore went to the house of her friend, Angie Smelter Wright, on Christmas Eve. Wright was standing outside, scared and upset. Appellant, who lived with Wright, had locked Wright out of the house. After Wright and Moore went inside, appellant, who appeared to be intoxicated, "went berserk." He screamed and hollered all sorts of profanities at Moore, threw a glass of water at her, put his hands around her throat and threatened to kill her, and hit her in the head with a phone. Appellant then got two knives out of the kitchen, came back into the living room, held them to Wright's throat, and told Wright that he was going to kill her. One of the knives was a sharp butcher knife, and the other was a utility knife.

Appellant argues that the evidence is insufficient to show his intent. We disagree. Both Moore and Wright testified that appellant held the knives to Moore's throat and threatened to kill her. Furthermore, shortly after his arrest, appellant admitted to a police officer that he put the

---

[1] *Jackson v. Virginia*, 443 U.S. 307 (1979).

[2] *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996).

knives to Moore's throat. Appellant also admitted at trial that he had the knives and that he threatened her. Appellant testified that he was not trying to kill Moore, just scare her. To be guilty of the offense, appellant did not need to have the intent to hurt Moore; he only had to knowingly or intentionally threaten her with imminent bodily injury. TEX. PENAL CODE ANN. §§ 22.01(a)(2), 22.02(a)(2) (Vernon 2011). We hold that the evidence is sufficient to show that appellant threatened Moore with imminent bodily injury and that he used or exhibited a deadly weapon during the commission of the offense. Appellant's second issue is overruled.

In his first issue, appellant asserts that he received ineffective assistance of counsel at trial. In order to determine whether appellant's trial counsel rendered ineffective assistance at trial, we must first determine whether appellant has shown that counsel's representation fell below an objective standard of reasonableness and, if so, then determine whether there is a reasonable probability that the result would have been different but for counsel's errors. *Strickland v. Washington*, 466 U.S. 668 (1984); *Hernandez v. State*, 988 S.W.2d 770 (Tex. Crim. App. 1999); *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986). In order to assess counsel's performance, we must make every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances, and to evaluate the conduct from counsel's perspective at the time. We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Stafford v. State*, 813 S.W.2d 503, 508-09 (Tex. Crim. App. 1991).

Appellant contends that trial counsel was ineffective because he failed to file an election for the jury to assess punishment and a proper application for community supervision. To support a claim of ineffective assistance of counsel with respect to a mistake regarding an application for community supervision, the record must reveal more than trial counsel's mere mistake:

> There must be evidence that the defendant was initially eligible to receive probation, that counsel's advice to go to the trial judge for sentencing was not given as part of a valid trial strategy, that the defendant's decision to have the judge assess punishment was based on his attorney's erroneous advice, and that the defendant's decision would have been different if her attorney had correctly informed her of the law.

3

*State v. Recer*, 815 S.W.2d 730, 731-32 (Tex. Crim. App. 1991); *see Mercado v. State*, 615 S.W.2d 225 (Tex. Crim. App. 1981) (where the record did not reflect that the defendant was eligible for probation, counsel's failure to file a motion for probation did not constitute ineffectiveness).

The record in this case indicates that appellant did not file an election with respect to punishment and that punishment was assessed by the trial court. Prior to voir dire, trial counsel stated on the record that appellant would be "going to the Court on punishment if he is found guilty. I have filed an application for probation. I have not got it sworn to yet, but I will get it sworn to by the clerk when she comes in." Pursuant to the Texas Code of Criminal Procedure, a trial court cannot grant community supervision if the defendant used or exhibited a deadly weapon during the commission of the offense. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(2) (Vernon Supp. 2010). Thus, if appellant were found guilty as charged in the indictment, the trial court could not grant community supervision. Furthermore, a jury is not authorized to recommend community supervision unless the defendant, before trial begins, files a sworn motion for community supervision averring that he has not previously been convicted of a felony, which information the jury must find to be true. *Id.* art. 42.12, § 4(d)(3), (e). Appellant filed an unsworn application for community supervision.

We note that no motion for new trial was filed and that nothing in the record before us indicates whether trial counsel misinformed appellant regarding his eligibility to receive community supervision from the trial court or the jury or whether trial counsel was himself misinformed. Additionally, the record in this case does not show whether appellant would have actually been eligible for community supervision if he had properly filed a sworn motion and elected for the jury to assess punishment. Appellant testified inconsistently regarding his criminal history. Appellant first stated that he had no felony conviction in this state or any other state, but then appellant agreed on cross-examination that he had a felony conviction for the offense of possession of cocaine in Florida in 1988. Trial counsel objected, stating that the document the State was using to cross-examine appellant appeared to be an arrest warrant, not a judgment of conviction. Trial counsel stated that he did not think appellant had been convicted of the offense. That document was not offered or admitted into evidence.

To defeat the presumption of reasonable professional assistance, the record must affirmatively demonstrate the ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 813-14 (Tex.

Crim. App. 1999). Rarely will the record on direct appeal contain sufficient information to permit a reviewing court to fairly evaluate the merits of an ineffective assistance claim. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). The record in this case does not contain sufficient information to affirmatively demonstrate trial counsel's ineffectiveness in accordance with *Recer*; the record does not show that appellant was eligible for community supervision, that counsel's advice was not part of a valid trial strategy, that appellant's decision to have the trial court assess punishment was based on trial counsel's erroneous advice, or that appellant's decision would have been different if trial counsel had correctly informed him of the law. Because the record in the present case has not been sufficiently developed, we cannot hold that counsel's performance fell below an objective standard of reasonableness.[3] Appellant's first issue is overruled.

The judgment of the trial court is affirmed.

JIM R. WRIGHT
CHIEF JUSTICE

August 11, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

---

[3]We note that our resolution of this issue does not affect appellant's entitlement to re-urge this complaint in a postconviction writ. *Bone*, 77 S.W.3d at 837 n.30.

5