**EX PARTE Malcolm Jamon
EVANS, Applicant**

**NO. WR-83,873-02**

Court of Criminal Appeals of Texas.

Delivered: September 20, 2017

Jodi Callaway Cole, Law Office of Jodi Callaway Cole, 406 West 30th Street, Austin, Texas 78705, for Applicant.

Sean K. Proctor, Assistant District Attorney, 27th Judicial District, Post Office Box 540, Belton, Texas 76513, Stacey Soule, State's Attorney, Austin, TX, for the State.

## OPINION

Keel, J., delivered the opinion of the Court in which Alcala, Richardson, Yeary, Newell, and Walker, JJ., joined.

■ Applicant was charged with causing serious bodily injury to a child under Texas Penal Code section 22.04(a)(1). After the State abandoned the deadly weapon allegation, he pled guilty with a 50-year cap, and the trial court sentenced him to 50 years in prison. Applicant now claims that his plea was involuntary because his attorney misadvised him about the effect of a deadly weapon finding on his parole eligibility. He says that if his attorney had correctly advised him, he would have insisted on going to trial. The habeas court found those claims to be true and recommended that we grant relief. The habeas court's findings are supported by the record.[1] The

---

1. Applicant's first attorney correctly explained Applicant's parole eligibility to him, but their relationship soured to the point that they could not communicate, and the trial court appointed a second attorney. The second attorney assumed responsibility for communicating with Applicant, and negotiated two alternative plea agreements: One called for the abandonment of the deadly weapon allegation with a cap of 50 years, and the other called for a 35-year cap with the deadly weapon allegation in place. Applicant chose the first option, which exposed him to more time in prison without any reciprocal benefit because his offense date was after September 1, 2007, when first degree injury to a child became an enumerated offense, i.e., aggravated even without a deadly weapon finding. *See* Tex. Code Crim. Proc. art. 42.12 § 3g(a)(1)(I); Tex. Gov't Code § 508.145(d).

only question we face is whether the law as it existed when Applicant's conviction became final entitles him to relief. We conclude that it does.

Applicant's claim for relief is grounded in the federal constitution. U.S. CONST. amend. VI (rights to jury and counsel). The ultimate authority on federal constitutional law is the U.S. Supreme Court. U.S. CONST. art. VI, cl. 2; *Marbury v. Madison*, 5 U.S. 137, 177-78, 1 Cranch 137, 2 L.Ed. 60 (1803); *Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999); *State v. Guzman*, 959 S.W.2d 631, 633 (Tex. Crim. App. 1998). The Supreme Court's pronouncements about federal constitutional law are binding on this Court. *Ex parte Ramey*, 382 S.W.3d 396, 397 (Tex. Crim. App. 2012); *Coronado v. State*, 351 S.W.3d 315, 317 (Tex. Crim. App. 2011); *Coble v. State*, 330 S.W.3d 253, 270 (Tex. Crim. App. 2010). Thus, the validity of Applicant's claim must be judged in accordance with applicable U.S. Supreme Court precedent.

A defendant is entitled to effective assistance of counsel in the guilty plea context. *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). To prevail on a claim of ineffective assistance of counsel due to bad advice about parole eligibility, a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 58-59, 106 S.Ct. 366.

Accord *Ex parte Moussazadeh*, 361 S.W.3d 684, 691 (Tex. Crim. App. 2012) ("*Moussazadeh III*").[2]

Because Applicant's claim meets the *Hill* formula, and *Hill* predated the finality of his conviction, we grant relief. The judgment is vacated, and Applicant is remanded to the custody of the Bell County Sheriff to answer the charges set out in the indictment.

Keller, P.J., filed a concurring opinion in which Hervey, J., joined.

Keasler, J., filed a dissenting opinion.

Keller, P.J., filed a concurring opinion in which Hervey, J., joined.

The Court says that this case is controlled by *Hill v. Lockhart*,[1] but I read *Hill* differently. In *Hill*, the Supreme Court explicitly declined to decide whether erroneous advice about parole eligibility could ever be deemed constitutionally ineffective assistance:

In the present case the claimed error of counsel is erroneous advice as to eligibility for parole under the sentence agreed to in the plea bargain. We find it unnecessary to determine whether there may be circumstances under which erroneous advice by counsel as to parole eligibility may be deemed constitutionally ineffective assistance of counsel, because in the present case we conclude that petitioner's allegations are insufficient to satisfy the *Strickland v. Washington* require-

2. *Hill*'s failure to decide whether the bad advice about parole eligibility in that case amounted to deficient performance does not diminish its significance because "garden variety" applications of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), do not announce "new rules" within the meaning of *Teague v. Lane*, 489 U.S. 288, 306, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). *Chaidez v. United States*, 568 U.S. 342, 348, 133 S.Ct. 1103, 1108, 185 L.Ed.2d

149 (2013). "[W]e have granted relief under *Strickland* in diverse contexts without ever suggesting that doing so required a new rule." *Id.* Our failure to recognize *Hill*'s straightforward application of *Strickland* sooner did not make *Moussazadeh III*, 361 S.W.3d at 691, a new rule.

1. 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

ment of "prejudice." Petitioner did not allege in his habeas petition that, had counsel correctly informed him about his parole eligibility date, he would have pleaded not guilty and insisted on going to trial.[2]

The only thing *Hill* decided was that, even if erroneous advice about parole eligibility could ever be deemed ineffective assistance, the advice in the case before the Court failed to satisfy the *Strickland* standard.[3] But the Supreme Court did not decide that erroneous advice about parole eligibility could ever be constitutionally ineffective assistance, and in a line of cases culminating in *Moussazadeh II*,[4] we held that such erroneous advice could be deemed constitutionally ineffective assistance only when parole eligibility was an element of the plea bargain.[5] Because there is no binding Supreme Court precedent on whether erroneous advice about parole eligibility can ever be deemed ineffective assistance, the newness of the rule in *Moussazadeh III*[6] must be judged by this Court's own precedent.

Nevertheless, I concur in the result because I believe that, despite our general adherence to *Teague*,[7] several factors weigh in favor of retroactivity. First, the rule in *Moussazadeh III* was once the old rule, and we have come full circle.[8] It seems more appropriate to accord retroactive status to a new rule that once was the rule than to a new rule that is truly new, in the sense that it has never been the rule before. In addition, the type of claim before us is one that is generally raised on collateral review, and the new rule here was announced on collateral review. It is unnecessary to decide whether any of these factors alone would be sufficient to accord retroactive effect to a new rule.[9] The combination of these factors is, in my judgment, sufficient to accord retroactive effect here.

With these comments, I concur in the Court's judgment.

Keasler, J., filed a dissenting opinion.

I agree with the concurrence that *Hill v. Lockhart* is not controlling.[1] The issue in this case is—or should be—whether the rule announced in *Moussazadeh III* applies retroactively.[2] The concurrence considers it "more appropriate to accord ret-

**2.** *Id.* at 60 (citation omitted).

**3.** *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**4.** *Ex parte Moussazadeh,* 64 S.W.3d 404 (Tex. Crim. App. 2001).

**5.** *Id.* at 412.

**6.** *Ex parte Moussazadeh,* 361 S.W.3d 684 (Tex. Crim. App. 2012).

**7.** *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).

**8.** *See Ex parte Evans,* 690 S.W.2d 274, 279 (Tex. Crim. App. 1985) (disavowing language in *Young v. State,* 644 S.W.2d 3 (Tex. Crim. App. 1983) that generally purported to au-
thorize relief for misadvice about parole eligibility).

**9.** Given our holding in *Ex parte De Los Reyes,* 392 S.W.3d 675 (Tex. Crim. App. 2013) that claims under *Padilla v. Kentucky,* 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010) are not retroactive, it would not seem sufficient that the claim covered by the rule would ordinarily be raised on collateral review. I need not address whether any of the other factors recited would be sufficient, by itself, to require retroactive application of a new rule.

**1.** Concurring Opinion at 111–12 (Keller, P.J., concurring) (citing *Hill v. Lockhart,* 474 U.S. 52, 60, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).

**2.** *See Ex parte Moussazadeh,* 361 S.W.3d 684 (Tex. Crim. App. 2012) (hereinafter *Moussazadeh III*).

roactive status to a new rule that once was the rule than to a new rule that is truly new, in the sense that it has never been the rule before." [3] This point is well-taken, but there is another consideration that I believe weighs in favor of this Court's adherence to the *Teague v. Lane* [4] retroactivity standard: the State's reliance interest in the finality of its plea bargains. In light of our holding in *Moussazadeh II*, from at least 2002 to 2012 the State was on notice that any time parole eligibility was not an "element of the plea agreement," it could safely leave the plea record silent as to this point.[5] It did so with the understanding that this Court would typically interpret this silence as an indicator of the non-elemental status of parole eligibility.[6] The State should not now suffer the consequences of this potentially deliberate silence when it had good reason to rely upon *Moussazadeh II*—or at least good reason to think that any clear "break[ ]" from this law (such as occurred in *Moussazadeh III*) would mean that *Teague* weighs against retroactivity.[7]

The plea in this case took place in 2009—after *Moussazadeh II* but before *Moussazadeh III*. Because I would hold *Moussazadeh III* non-retroactive on collateral review, *Moussazadeh II* requires Ev-

ans to show that parole eligibility rose to the level of an "affirmative element of the plea agreement." [8] I do not believe Evans has made this showing. His claim should be denied. Because the Court grants relief, I respectfully dissent.

that an 'implicit' plea bargain term can later be incorporated into the plea agreement.").

**3.** Concurring Opinion at 112 (Keller, P.J., concurring).

**4.** 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).

**5.** *See Ex parte Moussazadeh*, 64 S.W.3d 404, 411 (Tex. Crim. App. 2001) (hereinafter *Moussazadeh II*).

**6.** *See id.* ("Parole eligibility must be an essential element of the plea agreement, though it need not be formally incorporated into the record at the time the plea is consummated. Therefore, unless the prosecutor testifies or otherwise acknowledges that parole eligibility was indeed an essential term of the plea agreement to both parties, it is most unlikely

**7.** *See Chaidez v. United States*, 568 U.S. 342, 347, 133 S.Ct. 1103, 185 L.Ed.2d 149 (2013) (citing *Teague*, 489 U.S. at 301, 109 S.Ct. 1060) ("*Teague* makes the retroactivity of our criminal procedure decisions turn on whether they are novel. When we announce a 'new rule,' a person whose conviction is already final may not benefit from the decision in a habeas or similar proceeding.... '[A] case announces a new rule,' *Teague* explained, 'when it breaks new ground or imposes a new obligation' on the government.").

**8.** *Moussazadeh II*, 64 S.W.3d at 406.