

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0891-15

**ARTHUR FRANKLIN MILLER, JR., Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S MOTION FOR REHEARING
### AFTER OPINION ON DISCRETIONARY REVIEW
### FROM THE FIFTH COURT OF APPEALS
### COLLIN COUNTY

KEEL, J., delivered the opinion of the Court in which HERVEY, RICHARDSON, YEARY, NEWELL and WALKER, JJ., joined. NEWELL, J., filed a concurring opinion in which WALKER, J., joined. KELLER, P.J., filed a dissenting opinion. ALCALA, J., filed a dissenting opinion in which KELLER, P.J., and KEASLER, J., joined.

### OPINION

We withdraw our prior opinion and hold that a defendant meets the prejudice

prong of his ineffective assistance of counsel claim by demonstrating that he would have

opted for a jury if his attorney had correctly advised him that he was ineligible for

probation from the trial court. He does not have to show that the likely outcome of the

jury trial he waived would have been more favorable than the court trial he had. We base our holding on a line of cases stretching from *Hill v. Lockhart*, 474 U.S. 52, 59 (1985), to *Lee v. United States*, 137 S. Ct. 1958 (2017), and our opinion in *State v. Recer*, 815 S.W.2d 730, 731-32 (Tex. Crim. App. 1991). We disavow our contrary holding in *Riley v. State*, 378 S.W.3d 453, 458 (Tex. Crim. App. 2012), to the extent that it conflicts with this opinion. We express no opinion about whether Appellant has demonstrated a reasonable probability that he would have opted for a jury if his attorney had correctly advised him about his probation eligibility but remand to the court of appeals to address that issue.

## Background

Appellant was charged with aggravated sexual assault of a child and indecency with a child alleged to have occurred in July 2001. TEX. PENAL CODE ANN. §§ 21.11, 22.021 (West 1999). If convicted of either of those crimes he was not eligible for probation from a judge. TEX. CODE CRIM. PROC. ANN. ART. 42.12 § 3g(a)(1) (West 2001). But his attorney advised him otherwise. Appellant waived a jury and pleaded not guilty. After a bench trial, the judge found him guilty of both charges and sentenced him to 22 years in prison for aggravated sexual assault and ten years for indecency.

Appellant sought a new trial on grounds of ineffective assistance of counsel for the bad advice about his probation eligibility. The trial court denied the motion, and the court of appeals affirmed the ruling. *Miller v. State*, 2015 WL 3456783 (Tex. App.—Dallas,

June 1, 2015 (mem. op., not designated for publication). We granted Appellant's petition for discretionary review which asked whether the lower court erred in finding that the deficient performance was not prejudicial under *Strickland v. Washington*, 466 U.S. 668 (1984).

## Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate two things: deficient performance and prejudice. *Hill*, 474 U.S. at 59; *Strickland*, 466 U.S. at 694. The question here is how to measure prejudice when the attorney's deficient performance – bad advice about probation eligibility – could not have affected the outcome of the defendant's trial but could only have affected the defendant's decision to waive a jury. Although the *Hill* opinion characterized itself as an application of *Strickland*, its prejudice focus differed enough from *Strickland*'s to present us with a choice between two standards: *Strickland*'s different outcome standard and *Hill*'s waived proceeding standard. For the reasons given below, we conclude that the choice between them depends on the possible result of the alleged deficient performance. In this case, since the attorney's wrong advice about probation could only have affected the defendant's choice to waive a jury, the correct measure of prejudice is *Hill*'s waived proceeding standard.

*Strickland* held that the measure of prejudice for IAC claims is whether the deficient performance might have affected the outcome of the proceeding that the

defendant had. *Strickland*, 466 U.S. at 694. The "ultimate focus" of the *Strickland* prejudice standard is "the fundamental fairness of the  proceeding whose result is being challenged." *Id*. at 696. This requires the reviewing court to examine "the totality of the evidence before the judge or jury" and ask whether "the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results." *Id*. at 695-96. If the deficient performance might have affected a guilty verdict, "the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id*. at 695. If the deficient performance might have affected a punishment verdict, the prejudice issue is whether there is a reasonable probability that, absent the errors, the sentencer would have assessed a more lenient punishment. *See id.* (in a death penalty case, "the question is whether there is a reasonable probability that, absent the errors, the sentencer . . . would have concluded that the balance of aggravating and mitigating circumstances did not warrant death.").

On the other hand, if the deficient performance might have caused the waiver of a proceeding, the defendant's burden is to demonstrate a reasonable probability that the deficient performance caused the defendant to waive a judicial proceeding that he was otherwise entitled to have. *Lee*, 137 S. Ct. at 1965; *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000); *Hill*, 474 U.S. at 59. The focus then is on the defendant's decision making. *Lee*, 137 S.Ct. at 1966. In *Lee*, where the attorney wrongly advised the defendant that he

would not be deported if he pleaded guilty, 137 S.Ct. at 1962, the error "affected Lee's understanding of the consequences" of his plea, so the prejudice issue was "whether there was an adequate showing that the defendant, properly advised, would have opted to go to trial." *Id*. at 1965. In *Flores-Ortega*, where the defendant waived his right to appeal, the prejudice issue was whether he would have appealed but for his attorney's bad advice. 528 U.S. at 484. In *Hill*, where the defendant claimed his attorney gave him bad advice about parole, 474 U.S. at 56, the prejudice issue was whether the defendant still would have pleaded guilty if his attorney had correctly advised him about parole. *Id*. at 59.

The likelihood of a better outcome from a waived or forfeited proceeding is not the correct prejudice standard because "we cannot accord any 'presumption of reliability' to judicial proceedings that never took place." *Flores-Ortega*, 528 U.S. at 483 (citing *Smith v. Robbins*, 528 U.S. 259, 286 (2000)). In those circumstances the different outcome question may be relevant to the extent that it sheds light on whether the deficient performance really did affect the defendant's decision making, but it is not the measure of prejudice. *See Lee*, 137 S.Ct. at 1966 (defendant's decision to plead guilty "may not turn solely on the likelihood of conviction after trial"); *Flores-Ortega*, 528 U.S. at 486 (possible merits of the forfeited appeal "may give weight to the contention that the defendant would have appealed," but they are not required to "satisfy the prejudice requirement where there are other substantial reasons to believe that he would have appealed"); *Hill*, 474 U.S. at 59 (different outcome question relevant only to the extent it

impacted decision to plead guilty). A prediction about the likely outcome of a trial is unnecessary and inappropriate in cases where the deficient performance is not "pertinent to a trial outcome, but is instead alleged to have affected a defendant's understanding of the consequences of his guilty plea." *Lee*, 137 S.Ct. at 1967, fn. 3.

The dissenting opinions argue for application of *Strickland*'s different outcome standard because Appellant had a court trial. They maintain that *Hill*'s forfeited proceeding standard only applies to guilty pleas. But *Strickland* was a guilty plea, and *Hill* applied in *Lafler v. Cooper*, 566 U.S. 156, 164 (2012), where the defendant had a jury trial. "[I]t is insufficient simply to point to the guarantee of a fair trial as a backstop that inoculates any errors in the pretrial process." *Id*. at 170. Thus, choosing between *Strickland*'s different outcome standard and *Hill*'s forfeited proceeding standard does not depend on the simple guilty plea vs. trial formula.

Even if the different outcome standard did apply here, the dissenting opinions misread *Strickland* in two ways.

First, the dissent would ask whether a proceeding the defendant *did not have* would have been more favorable without the deficient performance; but *Strickland* asked whether the proceeding the defendant *did have* would have been more favorable without the deficient performance. 466 U.S. at 694. Consistent with that approach, *Weaver v. Massachusetts*, 137 S.Ct. 1899, 1911 (2017), an IAC claim based on the attorney's failure to object to a closed courtroom, required a reasonable probability of a different outcome

in the trial the defendant had or a showing that the trial he had was fundamentally unfair; *Weaver* did not demand proof that a better outcome would have resulted from a hypothetical trial that was not had.

A majority of the Supreme Court has explicitly refused to evaluate prejudice based on the likely outcomes of proceedings not had. *See Lee*, 137 S.Ct. at 1965 (when an attorney's deficient performance caused the defendant to accept a guilty plea instead of pursue a trial, "we do not ask whether, had he gone to trial, the result of that trial 'would have been different'"); *Flores-Ortega*, 528 U.S. at 483 (the likelihood of a better outcome from a forfeited proceeding is not the correct prejudice standard because such a proceeding enjoys no presumption of reliability). Such speculation is like asking "what might have occurred in an alternate universe." *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 150 (2006) (holding that proof of likelihood of a better outcome if a different attorney had represented the defendant was not required in case of denial of counsel of choice).

Second, the dissent misapplies *Strickland* by requiring a reasonable likelihood of a specifically better outcome, i.e., probation. *Strickland* required only a generically better outcome. 466 U.S. at 694. Since "any amount of [additional] jail time has Sixth Amendment significance[,]" *Cooper*, 566 U.S. at 165, quoting *Glover v. United States*, 531 U.S. 198, 203 (2001), requiring a likelihood of probation instead of merely a better outcome would impose an unconstitutional burden on the prejudice prong of ineffective

assistance claims.

## *Recer* vs. *Riley*

Although there is no Supreme Court authority for assessing prejudice by asking what might have happened in a trial that was never had, our own precedent has been inconsistent on this point. The competing views are presented by *Recer* and *Riley*.

*Recer*, 815 S.W.2d 730, focused on the defendant's decision making in assessing prejudice from an attorney's bad advice about probation eligibility. To prevail on her claim of ineffective assistance Recer had to demonstrate that she was eligible for probation from the jury, her attorney's advice to elect the court for punishment was not based on a valid strategy, her decision to elect the judge for punishment was based on her attorney's bad advice, and she would have elected the jury for punishment but for her attorney's error. *Id*. at 731-32. She did not have to prove a likelihood of a different outcome from a hypothetical jury. *Id*.

We later purported to follow *Recer* in *Riley*, 378 S.W.3d 453, but we tacked on an additional requirement: proof that "the results of the proceeding [not had] would have been different had [the defendant's] attorney correctly informed him of the law." 378 S.W.3d at 458 (citing *Recer*, 815 S.W.2d at 731-32). We imposed that additional requirement without any supporting authority or rationale.[1]

---

[1]A majority of this Court expressed approval of *Riley*'s different outcome requirement in *Burch v. State*, 541 S.W.3d 816 (Tex. Crim. App. 2017), though approval of that aspect of *Riley* was unnecessary to the decision. *Burch*, 541 S.W.3d at 823 (Keel, J., concurring). Because that discussion of *Riley* was dicta, our decision today has no impact on our holding in *Burch*.

*Stare decisis* would not require adherence to *Riley* because proving a better outcome from a proceeding never had is so speculative as to be unworkable. *See Paulson v. State*, 28 S.W.3d 570, 571-72 (Tex. Crim. App. 2000) (goals of *stare decisis* not advanced by adhering to unworkable precedent). Additionally, *Riley*'s own violation of *stare decisis* by silently overruling *Recer* undermines its precedential value. *See Paulson*, 28 S.W.3d at 574 (Keller, J., concurring) (in deciding whether to overrule precedent "we should take into account whether the decision under consideration was itself a violation of the principles of *stare decisis*"). But regardless of its unworkability and its failure to adhere to precedent, we cannot follow *Riley* because we are bound by the rulings of the United States Supreme Court on this topic.

The highest authority on federal constitutional law is the United States Supreme Court. *Ex parte Evans*, 537 S.W.3d 109, 111 (Tex. Crim. App. 2017), citing U.S. CONST. art. VI, cl.2; *Marbury v. Madison*, 5 U.S. 137, 177-78, 1 Cranch 137, 2 L.Ed. 60 (1803); *Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999); *State v. Guzman*, 959 S.W.2d 631, 633 (Tex. Crim. App. 1998). Its pronouncements about federal constitutional law are binding on this Court. *Evans*, 537 S.W.3d at 111, citing *Ex parte Ramey*, 382 S.W.3d 396, 397 (Tex. Crim. App. 2012); *Coronado v. State*, 351 S.W.3d 315, 317 (Tex. Crim. App. 2011); *Coble v. State*, 330 S.W.3d 253, 270 (Tex. Crim. App. 2010). Claims of ineffective assistance of counsel are grounded in the federal constitution. *Evans*, 537 S.W.3d at 111, citing U.S. CONST. amend. VI. Therefore, we

are bound by the Supreme Court's opinions about ineffective assistance of counsel.

*Hill*, *Flores-Ortega* and *Lee* hold that the correct measure of prejudice for an attorney's deficient performance that might have caused a defendant to waive a judicial proceeding is whether there is a reasonable likelihood that the defendant would have opted for the proceeding if his attorney had performed adequately. In the context of this case, Appellant would have to demonstrate a reasonable likelihood that he would have opted for a jury if his attorney had correctly advised him about his probation eligibility from the trial court. He would not have to demonstrate a reasonable likelihood that the jury trial he waived would have yielded a more favorable result than the court trial he had.

### Conclusion

We overrule *Riley* to the extent that it conflicts with the *Hill*, *Flores-Ortega* and *Lee* line of cases, and we reaffirm our *Recer* opinion. We remand this case to the court of appeals for analysis of prejudice consistent with this opinion.[2]

Delivered: May 23, 2018

Publish

---

[2] Although the court of appeals observed that the trial court did not have to believe Appellant's testimony that he would have insisted on a jury if his attorney had correctly advised him, it did not say whether the trial court did believe it, and it did not rely on the observation for its holding. *Miller*, 2015 WL 3456783 at *4. It held instead that the record "could support the trial court's implicit finding that the result of the proceedings in reasonable probability would not have been different" and affirmed on that basis. *Id*. at *5. Thus, the dissent is mistaken in arguing that remand is unnecessary.