

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00081-CR
No. 04-18-00082-CR

Homer C. **TOMERLIN**, III,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court Nos. 16-1600-CR-C and 16-1601-CR-C
Honorable Dwight E. Peschel, Judge Presiding[1]

Opinion by:    Irene Rios, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
            Rebeca C. Martinez, Justice
            Irene Rios, Justice

Delivered and Filed: May 15, 2019

AFFIRMED

Homer Tomerlin appeals his convictions for indecency with a child. In six issues, Tomerlin

contends his plea was unknowing and involuntary, he received ineffective assistance of counsel,

the trial court abused its discretion by failing to grant Tomerlin a hearing on his motion for new

trial, and he received illegal sentences. We affirm.

---

[1] Honorable Dwight E. Peschel, sitting by assignment.

BACKGROUND

The State charged Tomerlin with five counts of aggravated sexual assault of a child and thirty-six counts of indecency with a child in Cause No. 16-1600-CR-C and with twelve counts of indecency with a child in Cause No. 16-1601-CR-C. On July 24, 2017, pursuant to a plea agreement in which the State agreed to waive and abandon the remaining counts, Tomerlin entered into an open plea on Counts 7 through 18 in Cause No. 16-1600-CR-C and on all twelve counts in Cause No. 16-1601-CR-C. The State reserved its right to request that the sentences "be stacked on top of each other, indictment on indictment. … Not count on count."

The trial court held a punishment hearing on November 16, 2017 at which the complainants, two of Tomerlin's sons, testified. The State also presented testimony from two additional witnesses, Tomerlin's sisters, who alleged they were sexually abused by Tomerlin in the past. The State additionally presented testimony from Tomerlin's third son, who is the complainants' brother, and Tomerlin's wife, who is the mother of the complainants. Tomerlin presented testimony from the sex-offender evaluator who conducted Tomerlin's evaluation and letters from Tomerlin's supporters for the trial court's review.

The trial court assessed punishment at twenty years' imprisonment for Counts 7 through 18 in Cause No. 16-1600-CR-C, and ten years' imprisonment for Counts 1 through 12 in Cause No. 16-1601-CR-C. The trial court further ordered that the sentences for Cause No. 16-1600-CR-C were to be served consecutively to the sentences for Cause No. 16-1601-CR-C.

Tomerlin timely filed a motion for new trial in which he alleged his plea was unknowing and involuntary and that trial counsel was ineffective. Tomerlin's motion for new trial was overruled by operation of law, and this appeal followed.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

Tomerlin presents issues one through three together, contending he received ineffective assistance of counsel during the plea process which rendered his plea unknowing and involuntary. In issue four, Tomerlin contends trial counsel was ineffective for failing to investigate and present substantial mitigating evidence at the sentencing hearing that also challenged the testimony of the State's witnesses.

**Applicable Law and Standard of Review**

To prevail on an ineffective-assistance-of-counsel claim, an appellant must prove, by a preponderance of the evidence that (1) counsel's performance was deficient, i.e., counsel's assistance fell below an objective standard of reasonableness, and (2) he was prejudiced by counsel's deficient performance, i.e., a reasonable probability exists that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Nava v. State*, 415 S.W.3d 289, 307 (Tex. Crim. App. 2013).

When evaluating counsel's effectiveness, we look to the totality of the representation and the particular circumstances of each case. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). "It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Strickland*, 466 U.S. at 689. Accordingly, we indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Thompson*, 9 S.W.3d at 813. Therefore, Tomerlin "'must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" *Ex parte Moore*, 395 S.W.3d 152, 157 (Tex. Crim. App. 2013) (quoting *Strickland*, 466 U.S. at 689).

"A substantial risk of failure accompanies an appellant's claim of ineffective assistance of counsel on direct appeal." *Thompson*, 9 S.W.3d at 813. "[A]llegations of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Id*. at 814. In the absence of a developed record, we will not speculate as to the reasons trial counsel acted as he did. *Rodriguez v. State*, 336 S.W.3d 294, 302 (Tex. App.—San Antonio 2010, no pet.). Rather, we presume the actions were taken as part of a strategic plan for representing the client. *Id*. Moreover, "an appellate court should not find deficient performance unless the challenged conduct was 'so outrageous that no competent attorney would have engaged in it.'" *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

The prejudice prong of *Strickland* requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, i.e., a trial with a reliable result. *Strickland*, 466 U.S. at 687. In other words, an appellant must show there is a reasonable probability that, without the deficient performance, the result of the proceeding would have been different. *Id*. at 694; *Nava*, 415 S.W.3d at 308.

When a defendant claims that his plea was not voluntary because his counsel was ineffective, "the voluntariness of [his] plea depends on … whether counsel's advice was within the range of competence demanded of attorneys in criminal cases and, if not, … whether there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *See Ex parte Moody*, 991 S.W.2d 856, 857–58 (Tex. Crim. App. 1999) (internal quotation omitted); *see also Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Ex parte Evans*, 537 S.W.3d 109, 111 (Tex. Crim. App. 2017). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694; *Nava*, 415 S.W.3d at 308. The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding

in which the result is being challenged. *Strickland*, 466 U.S. at 697. Failure to make the required showing of either deficient performance or prejudice defeats an appellant's ineffectiveness claim. *Thompson*, 9 S.W.3d at 813.

**Discussion**

***Involuntary Plea***

In issues one through three, Tomerlin contends he received ineffective assistance of counsel during the plea process which rendered his plea unknowing and involuntary. Specifically, Tomerlin contends trial counsel was ineffective for improperly advising Tomerlin that: he stood a good chance of obtaining probation; his plea agreement limited his sentence; and his family members would not be called to testify, which would further limit his sentence.

According to Tomerlin, he believed that if he pleaded guilty, his sentence would be limited and that his wife, sisters, and children would not be called to testify against him at his sentencing hearing. Tomerlin also asserts he believed, based upon counsel's advice, that he could obtain a probated sentence. Tomerlin complains that, in contrast to what he was advised by counsel, his wife, sisters, and children testified at the sentencing hearing and the plea papers placed no limit on his sentence. Tomerlin asserts that if he had known his family was going to testify, he would have not pleaded guilty and would have gone to trial. Tomerlin argues that his plea was therefore unknowing and involuntary.

During the plea hearing, the parties and the trial court discussed the plea agreement. At that time, no mention was made of any limitations on testimony during the sentencing hearing. Further, the plea papers themselves also do not contain any limitation on sentencing hearing testimony. During the plea hearing, counsel indicated he expected the sentencing hearing "to take at least an hour and a half or two hours … ." At that time, the State noted it intended to call "several witnesses." Although those witnesses were not named, the record shows counsel was

- 5 -

aware there would be "several." The record of the plea hearing also shows the trial court explained to Tomerlin the difference between deferred adjudication probation and "regular" probation. The trial court specifically noted "there[ is] also the possibility of a deferred adjudication."

Further, as described during the plea hearing, the plea agreement provided that in exchange for Tomerlin's guilty pleas in Cause No. 16-1600-CR-C and Cause No. 16-1601-CR-C, the State waived prosecution of Counts 1 through 6 and 19 through 41 in Cause No. 16-1600-CR-C. The parties agreed to an open plea on punishment, meaning the range of punishment was "[e]verything from deferred adjudication up to 20 years on each count." Further, the State agreed to not request the sentences be served consecutively per count, only per indictment, thus limiting Tomerlin's maximum sentence.

In this case, although Tomerlin filed a motion for new trial, the trial court did not hold a hearing at which a record on trial counsel's strategy could be developed. Therefore, we are faced with a record that is silent with regard to counsel's trial strategy. Although Tomerlin points to counsel's Declaration[2] as proof counsel provided ineffective assistance, based upon the undeveloped record before us and under the totality of the circumstances, we cannot conclude that Tomerlin has overcome the presumption that his plea was knowing and voluntary or that trial counsel's actions did not fall within the wide range of reasonably effective representation. Issues one through three are overruled.

---

[2] To constitute evidence, an affidavit must be introduced into evidence during a hearing. *See Stephenson v. State*, 494 S.W.2d 900, 909–10 (Tex. Crim. App. 1973). Here, counsel's Declaration was made pursuant to Texas Civil Practice and Remedies Code section 132.001 and 28 U.S.C. § 1746, which provide that an unsworn declaration may be used in lieu of an affidavit. Counsel's Declaration was included in Tomerlin's Additional Offer of Proof — it was not offered into evidence during a hearing. Therefore, the Declaration is not evidence.

***Failure to Investigate and Present Mitigating and Impeaching Evidence***

In issue four, Tomerlin lists the following areas in which he contends counsel was ineffective. Tomerlin argues counsel failed to:

- Object to a lay person's improper putative expert testimony about the effects of child abuse;

- Request notice of witnesses that would be called at sentencing;

- Determine that the [S]tate would call witnesses that would testify about abuse;

- Object to the testimony of non-victims to the offense conduct;

- Call fact impeachment and rebuttal witnesses to whom the [S]tate's witness had admitted abuse had not occurred or that any was not serious and other witnesses who could testify that the [S]tate's witnesses' testimony was demonstrably false.

As a preliminary matter, we note that although Tomerlin specifically lists the complaints that trial counsel failed to object to a lay person's testimony regarding the effects of child abuse and the testimony of non-victims to the offense conduct, request notice of the State's sentencing witnesses, and determine the State would call witnesses to testify about the abuse, Tomerlin does not discuss these complaints within the body of his brief. Because Tomerlin has not provided a clear and concise argument relating to these specific complaints, we decline to address these complaints contained within issue four. *See* TEX. R. APP. P. 38.1(i), (f); *see also Wolf v. State*, 509 S.W.3d 325, 342-43 (Tex. Crim. App. 2017).

Tomerlin complains trial counsel failed to call witnesses to impeach or rebut the State's witnesses. Tomerlin specifically asserts his mother could have testified that certain testimony given by his sisters was not true, which would demonstrate the sisters had alternative motives for providing untruthful testimony. Tomerlin also asserts that had counsel called Tomerlin's wife to testify, she could have testified that Tomerlin demonstrated remorse and the complainants demonstrated reconciliation and acceptance of Tomerlin's remorse. Tomerlin lists a variety of

other testimony he alleges his wife could have given to demonstrate he was a victim of abuse himself and show Tomerlin was a kind and generous person. Tomerlin complains that counsel should have presented mitigating evidence regarding Tomerlin's participation with the complainants in a family band, as well as Tomerlin's and the complainants' presence during holidays and at family events. Tomerlin also complains counsel did not present evidence of his assisting the complainants in obtaining the rank of Eagle Scout. Tomerlin additionally complains counsel did not present supportive letters from Tomerlin's sons and niece that demonstrated remorse, rehabilitation, and reconciliation.

During the sentencing hearing, counsel presented the trial court with "letters of support" for Tomerlin, which the trial court agreed to review. During the cross-examination of one complainant, counsel elicited testimony regarding Tomerlin's participation in a family band, family events, and ACTS retreats. Counsel also called sex-offender evaluator Caroline Turner to testify on Tomerlin's behalf. Turner testified that Tomerlin admitted to her that he committed the abuse against the complainants. Tomerlin also acknowledged that he abused his sisters. Turner related that Tomerlin expressed remorse for his actions and that Tomerlin informed her that he had been abused as a child by his father and an older boy.

Although undeveloped, the record before us shows the evidence about which Tomerlin complains trial counsel did not investigate or present was before the trial court, albeit through different witnesses than Tomerlin desires. Therefore, even if we were to determine counsel's performance was outside the wide range of reasonably effective representation, Tomerlin has not demonstrated how he was prejudiced by the evidence being presented through different witnesses. On this record, we conclude Tomerlin has not met his burden to show there is a reasonable probability that, but for trial counsel's alleged unprofessional errors, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694. Accordingly, issue four is overruled.

**Motion for New Trial**

In his fifth issue, Tomerlin contends "[t]he trial court abused its discretion when it denied [Tomerlin] a hearing on his motion for new trial" because the motion raised issues that are not determinable from the record. The State contends, however, that Tomerlin has waived this complaint because Tomerlin failed to ensure the hearing on his motion for new trial was set before the trial court lost jurisdiction over the matter.

The responsibility for obtaining and setting a hearing falls on the party seeking it, and not the trial court. *See Garcia v. State*, 291 S.W.3d 1, 8 (Tex. App.—Corpus Christi 2008, no pet.) (a reviewing court does not reach the question of whether a trial court abused its discretion in failing to hold a hearing if no request for a hearing is presented to it; and no ruling on the request or motion is obtained); *Ryan v. State*, 937 S.W.2d 93, 97 (Tex. App.—Beaumont 1996, pet. ref'd) (defendant who requests hearing on motion for new trial must secure hearing; trial court has no independent responsibility to set hearing). When, as here, a motion for new trial is overruled by operation of law, the fact that the trial court did not conduct a hearing, without more, simply constitutes a "failure to rule" on the request for a hearing. *Oestrick v. State*, 939 S.W.2d 232, 235 (Tex. App.—Austin 1997, pet. ref'd); *see, e.g., Ocon v. State*, No. 11–06–00036–CR, 2009 WL 2213472, at *2 (Tex. App.—Eastland July 23, 2009, pet. ref'd) (mem. op., not designated for publication) (no showing trial court denied defendant hearing and new-trial motion overruled by operation of law; nothing preserved for review) (citing TEX. R. APP. P. 33.1(a)(2)); *Castro v. State*, No. 03–12–00730–CR, 2015 WL 1214402, at *5 (Tex. App.—Austin Mar. 13, 2015, pet. ref'd) (mem. op., not designated for publication) (error not preserved where record did not show defendant objected to trial court not holding hearing on new-trial motion).

The Texas Rules of Appellate Procedure provide that the trial court "must rule on a motion for new trial within 75 days after imposing or suspending sentence in open court." TEX. R. APP.

P. 21.8(a). "A motion not timely ruled on by written order will be deemed denied when the period prescribed in (a) expires." *Id*. 21.8(c). The trial court imposed sentence in the underlying case on November 16, 2017. Therefore, the trial court's jurisdiction to rule on a motion for new trial expired January 30, 2018.

Tomerlin timely filed a motion for new trial on December 18, 2017.[3] On January 12, 2018, the trial court set a hearing on the motion for January 25, 2018. Also on January 12, 2018, the court administrator advised the parties that the January 25, 2018 setting for the hearing "doesn't work" and that the administrator would "have to get other dates … and get back to you." On January 23, 2018 and January 24, 2018, Tomerlin filed motions for extension of time for a hearing on the motion for new trial. In his motions for extension of time, Tomerlin requested an extension of time for the purpose of being evaluated by a psychologist. However, the trial records in these appeals do not contain any written indication Tomerlin made any attempt between January 12, 2018 and January 30, 2018 to obtain a setting for a hearing on his motion for new trial or objected to the trial court not holding a hearing by the 75th day. Accordingly, we conclude this issue has been waived. *See Crowell v. State*, 949 S.W.2d 37, 38 (Tex. App.—San Antonio 1997, no pet.); *Ryan*, 937 S.W.2d at 97.

**Sentencing**

In issue six, Tomerlin contends the trial court imposed illegal sentences. Tomerlin pleaded guilty to twelve counts of indecency with a child in Cause No. 16-1600-CR-C and twelve counts of indecency with a child in Cause No. 16-1601-CR-C. The trial court assessed Tomerlin's punishment at twenty years' imprisonment for each count in Cause No. 16-1600-CR-C to run

---

[3] A motion for new trial must be filed within 30 days after the date upon which the trial court imposes sentence in open court. TEX. R. APP. P. 21.4(a). Because the thirtieth day after sentence was imposed in this case, December 16, 2017, fell on a Saturday, the motion for new trial, which was filed on Monday, December 18, 2017, was considered timely filed.

concurrently and ten years' for each count in Cause No. 16-1601-CR-C to run concurrently. The trial court then ordered that the sentences for Cause No. 16-1600-CR-C were to be served consecutively to the sentences for Cause No. 16-1601-CR-C. The trial court specifically stated sentencing was "within the parameters of the plea bargain."[4]

Indecency with a child is a second-degree felony punishable by a fine not to exceed $10,000 and/or a term of imprisonment from two to twenty years. TEX. PENAL CODE ANN. § 21.11(d). A sentence that does not exceed the allowable range of punishment is not illegal. *See Mizell v. State,* 119 S.W.3d 804, 806 (Tex. Crim. App. 2003) ("A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal."). Here, the sentence assessed by the trial court for each count does not exceed the allowable range of punishment. Issue six is overruled.

### CONCLUSION

For the forgoing reasons, we affirm the judgment of the trial court.

Irene Rios, Justice

DO NOT PUBLISH

---

[4] As noted above, in exchange for Tomerlin's guilty plea, the State waived five counts of aggravated sexual assault of a child and twenty-four counts of indecency with a child but reserved its right to request that the sentences "be stacked on top of each other, indictment on indictment" but "[n]ot count on count."